**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
SEP 30 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC. D/B/A DANNY'S DOWNTOWN CABARET | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT** 3:16-cv-769 HTW-LRA
**JURY TRIAL DEMAND**

---

### COMPLAINT

#### NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. seq., and Title I of the Title VII of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Ashley Williams, ("Williams"), a Black female, and five other Black females who were adversely affected by such practices ("Class members").

As alleged with greater particularity in paragraph twelve (12) below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendants Danny's Restaurant, LLC and Danny's of Jackson, LLC f/k/a Baby O's Restaurant, Inc., d/b/a Danny's Downtown Cabaret, ("Defendants" or "Club Danny's"), violated Title VII by subjecting Williams and the Class members to disparate terms and conditions of employment based on race, and discharging Williams because of her race.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(l ) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l ) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(l) and (3).

4.      At all relevant times, Defendants have been Mississippi corporations continuously doing business in the State of Mississippi and the City of Jackson, and have continuously had at least 15 employees.

5.      At all relevant times, the Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h)..

6.      Defendants are adult entertainment/gentlemen's clubs, operating under the name: "Danny's."

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Williams filed a Charge with the Commission alleging violations of Title VII by Defendants.

8.     On June 2, 2016, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

10.     On July 29, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since on or about June 2013 through present, Defendants have engaged in unlawful employment practices at its   Jackson, Mississippi operation, in violation of Section 703(a)(1)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1)(2), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

(a) In or about September 2012, Williams began employment with Defendants as an entertainer. The five Class Members were also Black female entertainers who worked for Defendants.

(b) Defendants subjected Williams and the Class Members to racial discrimination by requiring them to work under adverse and disparate terms and conditions of employment, which the Defendants did not impose on similarly situated White entertainers.

(c) For example, Defendants required Williams and the Class members, but not White entertainers, to either (1) work exclusively at a related gentlemen's club, Black Diamonds, or (2) pay a fee of $100 per shift before being allowed at Club Danny's.

3

(d)  As other examples, Williams and the Class Members, but not White entertainers, were required to work at Black Diamonds, where patrons were allowed to grope the entertainers, where patrons were permitted to use illicit drugs and smoke cigarettes, and where there was initially no air conditioning, unlike Club Danny's where patrons were not allowed to grope the entertainers, where patrons were not permitted to use illicit drugs and smoke cigarettes, and where there was always working air conditioning.

(e)  On or about July 23, 2013, Defendants terminated Williams' employment, because of her race, Black, when she refused to pay the discriminatory fee of $100 per shift to work at Club Danny's.

13.    The effect of the practices complained of in paragraph twelve (12) has been to deprive Williams and the Class Members of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

14.    The unlawful employment practices complained of in paragraph twelve (12) above were intentional.

15.    The unlawful employment practices complained of in paragraph twelve (12) above were done with malice or with reckless indifference to the federally protected rights of Williams and the Class Members.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including subjecting employees to

discriminatory and disparate terms and conditions of employment and discharging employees based on race.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to make Williams whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D.    Order Defendants to make whole Williams and the Class members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph twelve (12) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E.    Order Defendants to make whole Williams and the Class members by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph twelve (12) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary fosses in amounts to be determined at trial.

F.    Order Defendants to pay Williams and the Class members punitive damages for its malicious and reckless conduct described in paragraph twelve (12) above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public

interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

C. Emanuel Smith (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

*Marsha L. Rucker*

MARSHA L. RUCKER (PA 90041)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000

1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2046
Fax: (205) 212-2041
marsha.rucker@eeoc.gov

ATTORNEYS FOR PLAINTIFF