IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                    PLAINTIFF

VS.                                          CAUSE NO.: 3:16-cv-0769-HTW-LRA

DANNY'S RESTAURANT, LLC AND DANNY'S OF
JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC.
D/B/A DANNY'S DOWNTOWN CABARET                              DEFENDANTS

## ANSWER

COME NOW Danny's Restaurant, LLC and Danny's of Jackson, LLC f/k/a Baby's O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret, Defendants[1], and file this their Answer to the Complaint, as follows:

### AFFIRMATIVE DEFENSES

1.       Defendant, Danny's Restaurant, LLC, avers that jurisdiction is not proper as it did not exist until October 5, 2015. It does not have a common ownership with the former entities named, and it is not believed that Ashley Williams (hereinafter sometimes referred to as "Williams") or any other unnamed person designated as a Class Member ever worked for or had any business relationship with this alleged employer.

2.       Defendant, Danny's of Jackson, LLC, avers that jurisdiction is not proper as it did not exist until March 1, 2016. It did not have a common ownership with the former entities named, and it is not believed that Williams or any other unnamed person designated as a Class Member ever worked for or had any business relationship with this alleged employer.

---

1   Danny's of Jackson, LLC files this Answer as the current operator of Danny's Cabaret and on behalf of the other named Defendants out of caution to protect against any default judgment. It does so out of caution only and does not admit any common ownership with the listed entities, the purchase of any liabilities of the listed entities or employment of Ashley Williams or any other unnamed person, who might be one of the Class Members.

3.      Defendant, Baby O's Restaurant, Inc., does not exist as an entity, as it was dissolved on or about December 7, 2012. It does not have a common ownership with the current owner and operator of the business, and it is not believed that Williams or any other unnamed person designated as a Class Member ever worked for or had any business relationship with this alleged employer.

4.      Defendants aver that the five Class Members are indispensable parties to the allegations and their names are needed for just adjudication of the claims, pursuant to F.R.C.P. Rule 19. It is not possible based upon these allegations to determine when these persons allegedly worked for any of the alleged employers.

5.      This Answer is filed on behalf of some entities that currently do not exist, which should not be interpreted as any admission that they currently are viable entities for which a judgment may be had. Defendants admit no fact, allegation or characterization expressed or implied in any manner other than any specific admissions set forth in the responses below. As such, any allegation not specifically admitted, explained, qualified or denied is denied by Defendants.

6.      Defendants reserve the right to alter, amend, raise or add affirmative defenses as discovery progresses and during any other proceeding in this action.

## DEFENSES AND RESPONSE TO EACH ALLEGATION

Without waiving any defense, Defendants respond to each individual paragraph of the Plaintiff's Complaint as follows:

The unnumbered Paragraphs under the heading Nature of the Action contain primarily only legal conclusions and no factual allegations. As noted above, Defendants deny that they were an employer of Williams or the unnamed Class Members.

Additionally, Defendants deny that any of them violated Title VII and further deny all allegations contained within the Paragraphs under this heading.

1.      Defendants admit that the Court has subject matter jurisdiction over the claims asserted in Plaintiff's Complaint under Title VII of the Civil Rights Act of 1964, as amended (sometimes hereinafter referred to as "Title VII"). Defendants deny that they, separately or severally, violated Title VII and further deny all remaining allegations in Paragraph 1 of the Complaint and demand strict proof thereof.

2.      Defendants admit that venue is proper in the Southern District of Mississippi, but deny they, separately or severally, have engaged in the alleged unlawful acts, deny that they have violated Title VII and further deny all remaining allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3.      Defendants admit that Plaintiff, the Equal Employment Opportunity Commission (hereinafter sometimes referred to as "the EEOC") is an agency of the United States and is authorized to bring this action under Title VII. Defendants deny that they, separately or severally, have engaged in the alleged unlawful acts, deny that they have violated Title VII and further deny all remaining allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4.      Defendants deny the allegations contained in in Paragraph 4 of the Complaint and demand strict proof thereof.

5.      Defendants admit that they were, or are (depending upon the particular entity), engaged in an industry affecting commerce within the meaning of the statutes cited in Paragraph 5 of the Complaint. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint and demand strict proof thereof.

6.      Defendant, Danny's of Jackson, LLC, admits that it currently operates an adult entertainment club operating under the name: "Danny's". As previously noted, some of the named Defendants have operated the adult entertainment club, but not during the time periods alleged.

7.      Defendant admits that Williams filed a charge of discrimination more than thirty (30) days prior to the filing of this lawsuit alleging violations of Title VII by one of the Defendants. Defendants denied the allegations and attempted to provide information to the EEOC substantiating the denial, but the information was not accepted by the EEOC. Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint and demand strict proof thereof.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint and demand strict proof thereof.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint and demand strict proof thereof.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint and demand strict proof thereof.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, including all its sub-parts, and demand strict proof thereof.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint and demand strict proof thereof.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint and demand strict proof thereof.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16.     Defendants deny that they are liable and deny that Plaintiff is, or Plaintiffs are, entitled to recovery or relief requested in sub-parts A through H of their Prayer for Relief.

### ADDITIONAL DEFENSES

1.     Subject to and without waiving any prior objection, answer or defense, and without accepting the burden of proof on any element of any cause of action upon which Plaintiff would ordinarily be required to carry the burden of proof Defendants assert the following:

(A)     Defendants aver that the Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted;

(B)     Defendants submit that Plaintiff's Complaint fails to state some or all claims for relief with reasonable particularity;

(C)     Defendants aver that neither Williams nor the Class Members suffered any actionable adverse employment action at any time while allegedly employed by any named Defendant;

(D)     Because it is believed that Williams, and perhaps the Class Members, voluntarily resigned her/their employment, neither Williams nor any of the Class Members can seek relief for subsequent damages, including but not limited to back pay

or future lost wages and/or future non-pecuniary loses that have accrued subsequent to the date of her/their voluntary resignation(s);

(E)     In the alternative, if necessary, and to the extent that Plaintiff asserts that Williams or any of the Class Members separation from alleged employment with any of the Defendants was the result of a "construction discharge", the employment conditions were not so intolerable that a reasonable person would have been compelled to resign under the circumstances;

(F)     In the alternative, if necessary, Defendants submit that all employment actions taken with respect to Williams or any of the Class Members was/were taken for legitimate non-discriminatory reasons, and alternatively, such actions would have been taken regardless of any alleged impermissible motivating factors;

(G)     Defendants exercised reasonable care to prevent and to correct any discriminatory behavior, and Williams and/or any of the Class Members failed to take advantage of the preventive and corrective opportunities provided by Defendants or to avoid harm otherwise:

(H)     Williams and the Class Members failed to properly mitigate her/their damages and is/are barred from recovery of the same;

(I)     Defendants are entitled to an offset or reduction in any purported damages with respect to any amount of income, money or compensation that Williams or any of the Class Members earned or received or could have earned or received during the relevant time period;

(J)     Defendants acted in good faith and reasonably believed that it/they acted in compliance with the laws under which Plaintiff asserts claims;

(K)     Defendants aver that to the extent Williams or any of the other Class Members assert any claim under Title VII based on alleged adverse employment actions occurring more than one hundred eighty (180) days prior to the date that Williams filed her charge of discrimination with the EEOC are time-barred;

(L)     Defendants aver that the EEOC failed to conciliate in good faith before filing this lawsuit as required by 42 U.S.C. §2000e-5(b); and more specifically, the EEOC failed to outline to Williams' alleged employer the reasonable cause for its belief that the law was violated; the EEOC failed to offer an opportunity for voluntary compliance and/or failed to respond in a reasonable and flexible manner to the reasonable attitudes of Williams' alleged employer;

(M)     Defendants aver that Plaintiff's claim for compensatory and punitive damages are subject to all applicable statutory caps and limitations under any applicable federal law; and

(N)     Defendants affirmatively allege that Plaintiff's claims for punitive damages are excessive, unconstitutional and not supported by the evidence, specifically that Plaintiff cannot demonstrate that any of the Defendants engaged in discriminatory practices with malice or reckless indifference to Williams' rights.

WHEREFORE, PREMISES CONSIDERED, Defendants repeat that it/they have not violated any rights of Williams or any of the Class Members and respectfully request the Court to award nothing to the Plaintiff; to enter judgment in favor of the Defendants, separately and severally; to award Defendants costs and reasonable attorney's fees; and to award such other and further relief as the Court deems just and proper under the facts and circumstances of this matter.

DATED THIS the 2nd day of December, 2016.

Respectfully submitted,

DANNY'S RESTAURANT, LLC AND
DANNY'S OF JACKSON, LLC F/K/A
BABY O'S RESTAURANT, INC. D/B/A
DANNY'S DOWNTOWN CABARET

s/H. Byron Carter, III _____

OF COUNSEL:
H. BYRON CARTER, III – MSB #5907
CARTER LAW FIRM, P.A.
POST OFFICE BOX 720636
BYRAM, MISSISSIPPI 39272
TELEPHONE: 601-213-4170
FACSIMILE: 601-510-9776
HBCARTER@CARTERLAWFIRM.BIZ


## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the CM/ECF system, which should send notification of such filing to the following:

Marsha L. Rucker, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 West Capitol Street, Suite 338
Jackson, Mississippi 39269
marsha.rucker@eeoc.gov

Further, I hereby certify that I have this date forwarded via U.S. Mail, postage prepaid and properly addressed, a true and correct copy of the above and foregoing to:

No one.

THIS, the 2nd day of December, 2016.

By: s/H. Byron Carter, III _____
OF COUNSEL