# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 3:16-CV-769-HTW-LRA |
| DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC. D/B/A DANNY'S DOWNTOWN CABARET | ) ) ) ) ) | FIRST AMENDED COMPLAINT |
| Defendants. | | |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. seq., and Title I of the Title VII of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Ashley Williams, ("Williams"), a Black female, and five other Black females who were adversely affected by such practices ("Class members").

As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendants Danny's Restaurant, LLC and Danny's of Jackson, LLC ("Defendants") d/b/a Danny's Downtown Cabaret subjected Williams and the Class members to disparate terms and conditions of employment based on race, and discharging Williams because of their race, Black, in violation of Title VII.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(l ) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l ) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Danny's of Jackson, LLC ("Danny's of Jackson") has conducted business in the State of Mississippi and in Hinds County. Danny's of Jackson has continuously had at least fifteen (15) employees.

5. At all relevant times, Danny's of Jackson has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6. Danny's of Jackson is the successor entity to Baby O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret. The predecessor entity, Baby O's Restaurant, Inc., has continuously been doing business in the State of Mississippi and in Hinds County and has continuously had at least fifteen (15) employees from at least 2013 through April 2016, when Baby O's Restaurant, Inc. sold ownership and operation of Danny's Downtown Cabaret to Danny's of Jackson. Baby

2

O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret at all relevant times was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h). Danny's Downtown Cabaret was the sole business of Baby O's Restaurant, Inc.

## STATEMENT OF SUCCESSOR LIABILITY

7. Danny's of Jackson purchased Danny's Downtown Cabaret from Baby O's Restaurant, Inc. on April 11, 2016.

8. Danny's of Jackson substantially continued the operations of Baby O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret, including but not limited to, employing substantially the same workforce, employing substantially the same supervisory personnel, maintaining jobs under substantially the same working conditions, and engaging in substantially the same industry.

9. Danny's of Jackson had notice of the charge of discrimination filed by Ashley Williams against its predecessor, Baby O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret, prior to purchasing the assets of that entity.

10. Baby O's is no longer a going concern and is incapable of providing relief. Danny's of Jackson is a going concern that currently owns and operates Danny's Downtown and is capable of providing relief.

11. Danny's of Jackson is subject to the jurisdiction of this court and liable as a successor employer under Section 703(a), 704(a), and 709(c) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000-e8(c), for the unlawful employment practices of its predecessor Baby O's Restaurant, Inc. d/b/a Danny's Downtown Cabaret.

## ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, Williams filed a Charge with the Commission alleging violations of Title VII by Defendants.

13. On June 2, 2016, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

14. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15. On July 29, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Since on or about June 2013 through present, Defendants have engaged in unlawful employment practices at its Jackson, Mississippi operation, in violation of Section 703(a)(1)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1)(2), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

(a) In or about September 2012, Williams began employment with Defendants as an entertainer. The five Class Members were also Black female entertainers who worked for Defendants.

(b) Defendants subjected Williams and the Class Members to racial discrimination by requiring them to work under adverse and disparate terms and conditions of employment, which the Defendants did not impose on similarly situated White entertainers.

(c) For example, Defendants required Williams and the Class members, but not White entertainers, to either (1) work exclusively at a related gentlemen's club, Black Diamonds, or (2) pay a fee of $100 per shift before being allowed at Club Danny's.

(d) As other examples, Williams and the Class Members, but not White entertainers, were required to work at Black Diamonds, where patrons were allowed to grope the entertainers, where patrons were permitted to use illicit drugs and smoke cigarettes, and where there was initially no air conditioning, unlike Club Danny's where patrons were not allowed to grope the entertainers, where patrons were not permitted to use illicit drugs and smoke cigarettes, and where there was always working air conditioning.

(e) On or about July 23, 2013, Defendants terminated Williams' employment, because of her race, Black, when she refused to pay the discriminatory fee of $100 per shift to work at Club Danny's.

18. The effect of the practices complained of in paragraph seventeen (17) has been to deprive Williams and the Class Members of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

19. The unlawful employment practices complained of in paragraph seventeen (17) above were intentional.

20. The unlawful employment practices complained of in paragraph seventeen (17) above were done with malice or with reckless indifference to the federally protected rights of Williams and the Class Members.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including subjecting employees to discriminatory and disparate terms and conditions of employment and discharging employees based on race.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make Williams whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendants to make whole Williams and the Class members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph seventeen (17) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E. Order Defendants to make whole Williams and the Class members by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seventeen (17) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary fosses in amounts to be determined at trial.

F. Order Defendants to pay Williams and the Class members punitive damages for its malicious and reckless conduct described in paragraph seventeen (17) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

MARSHA L. RUCKER
Regional Attorney
PA Bar No. 90041

GERALD MILLER
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

ALYSIA D. FRANKLIN
Trial Attorney
CA Bar No. 264410
alysia.franklin@eeoc.gov

CHRISTOPHER WOOLLEY
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

ATTORNEYS FOR PLAINTIFF