IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                  PLAINTIFF

v.                                                              Civil Action No. 3:16-CV-00769-HTW-LRA

DANNY'S RESTAURANT, LLC AND
DANNY'S OF JACKSON, LLC F/K/A
BABY O'S RESTAURANT, INC. D/B/A
DANNY'S DOWNTOWN CABARET                                                DEFENDANTS

_____

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Before the court is the Motion for Partial Summary Judgment filed by the Plaintiff, United States Equal Employment Opportunity Commission (hereafter "EEOC") **[doc. no. 75].** Defendant, Danny's of Jackson LLC (hereafter "Danny's of Jackson" or "Defendant") opposes the motion. The parties have completed briefing and this court is ready to rule.

This lawsuit is an enforcement action brought by the EEOC under the auspices of Title VII of the Civil Rights Act of 1964[1], as amended, and the Civil Rights Act of 1991, to correct allegedly unlawful employment practices of the Defendant based on race. The suit seeks relief on behalf of Ashley Williams and other Black female exotic dancers, namely, Latoria Garner; Sharday Moss; Jordyn Riddle; and Adrea Samuel (hereafter referred to collectively as 'complainants'). They contend that they were subjected to disparate terms and conditions of employment based on their race.

---

[1] 42 U.S.C. §2000e, et seq

1

Defendant insists that it is not liable for the alleged violations of Title VII, because, *inter alia*,[2] the dancers here involved were not 'employees' of Defendant, but 'independent contractors'. Plaintiff herein then brings this motion for partial summary judgment in its favor on that key issue of this dispute: whether complainants involved in this litigation were 'employees' rather than 'independent contractors.'

## FACTUAL AND PROCEDURAL BACKGROUND

The complainants worked as exotic dancers at the Danny's Downtown Cabaret, a strip club located in downtown Jackson, Mississippi, for varying periods of time. They earned money through customer tips for stage performances and through fees for private dances.[3] Defendant did not pay, and does not pay, dancers minimum wage, a regular salary, or overtime. Nevertheless, the EEOC contends that the degree of control Danny's exerted over numerous aspects of its dancers' work --setting requirements for their hours, regulating their conduct while at work, setting the fees charged for private dances, approving the music used, and generally controlling their ability to earn money – destroys any arguments that they were independent contractors. Therefore, says EEOC, this affirmative defense fails as a matter of law and the EEOC is entitled to partial summary judgment on this issue.

Everyone who worked at Danny's was required to sign an "Entertainment Lease," which spelled out the rules of conduct, how scheduling worked and other matters *Wade deposition*

---

[2] The Defendant also contends that the complainants have not worked for Danny's in any capacity. Danny's of Jackson says it only purchased the club on April 11, 2016, and none of the women involved in this lawsuit danced at the club after that date. That is a subject of a different motion, namely one addressing successor liability, currently pending before this court [doc. no. 79]. This motion for partial summary judgment targets only whether the complainants herein were 'employees' or 'independent contractors' of whatever entity operated the nightclub at the time of the events herein contested.

[3] The club set the fees to be charged for private dances and the women could not deviate from the set fees charged. The club monitored the number of dances and the dancers were required to pay a portion of each private dance fee back to the club.

[doc. no. 75-5 p. 27]. This document, in addition, stated that no employment relationship existed between Danny's and the signatory, and even described the relationship at one point as that of "landlord and tenant." *Entertainment Lease of Ashley Williams* [doc. no. 75-4 at p. 3 ¶ 12]. Page 3 of the Entertainment Lease offers the following:

> 12. <u>Business Relationship of Parties.</u> The parties acknowledge and represent that the business relationship created between the Club and Entertainer is that of landlord and tenant for the joint and non-exclusive leasing of the Premises (meaning that other entertainers are also leasing portions of the Premises at the same time), and that his [sic] relationship is a material (meaning significant) part of this Lease. THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this Lease shall not be interpreted as creating an employer/employee relationship or any contract for employment. Entertainer acknowledges and represents that she is providing no services for or to the Club and that the Club does not employ her in any capacity. . . .

*Entertainment Lease of Ashley Williams* [doc. no. 75-4 at p. 3 ¶ 12].

Initially, this suit was brought against Danny's Restaurant, LLC, as well as against Danny's of Jackson, LLC. Danny's Restaurant, LLC did not file an answer nor enter an appearance in this cause. The Clerk of Court entered default against it on August 24, 2017 [doc. no. 41]. The remaining Defendant, Danny's of Jackson, LLC, has owned and operated a strip club near downtown Jackson known as Danny's Downtown Cabaret, since on or about April of 2016. Prior to April of 2016, Baby O's Restaurant, Inc. (hereafter "Baby O's") owned and operated Danny's Downtown Cabaret at the same location. EEOC says that Danny's of Jackson is the successor in interest to Baby O's.

Earlier, the EEOC had issued a Letter of Determination on June 2, 2016, finding reasonable cause to believe that the Defendant had violated Title VII. Efforts at conciliation[4]

---

[4] Title 42 U.S.C. §2000e-5(b) requires that if, after investigation, the EEOC finds reasonable cause to believe a violation occurred, the EEOC must first endeavor to eliminate and remedy the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. If a conciliation

failed and on July 29, 2016, the Plaintiff issued to Defendants a Notice of Failure of Conciliation. Thereafter, on September 30, 2016, EEOC filed the instant litigation on behalf of the complainants. Plaintiff seeks, *inter alia,* injunctive relief, damages and other affirmative relief to make the complainants whole. Complainant Ashley Williams, joins in the accusations championed by the others, but adds a charge of wrongful termination, for which she seeks, in addition, back pay and front pay or reinstatement in lieu thereof. Plaintiff also asks for punitive damages for what it alleges to be malicious and reckless conduct.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*; *Copeland v. Nunan,* 250 F.3d 743 (5th Cir. 2001); see also *Wyatt v. Hunt Plywood Company, Inc.,* 297 F.3d 405, 408–09 (2002). When assessing whether a dispute to any material fact exists, all of the evidence in the record must be considered, but the court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); instead, the court is to "draw all reasonable inferences in favor of the nonmoving party." *Id*.; *Wyatt*, 297 F.3d at 409. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc*. 369 U.S. 654, 655 (1962).

A party, however, cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *TIG Ins. Co. v. Sedgwick James of*

---

agreement satisfactory to the EEOC is not reached, the EEOC may bring a civil action against the employer. Title 42 U.S.C. § 2000e-5(f).

*Wash.* 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

In this litigation, Danny's contends that it cannot be held liable for the violations of Title VII alleged against it because complainants were not 'employees' of Danny's, but, instead, were 'independent contractors.' In recent years, courts around the country have dealt with issues concerning the pay and treatment of exotic dancers. Most courts that have examined this issue, including the Fifth Circuit Court of Appeals, have concluded that these dancers are 'employees'. See *Reich v. Circle C Investments*, 998 F.2d 324 (5th Cir. 1993).

*Reich v. Circle C Investments,* was a case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219, to require nightclubs to comply with minimum wage, overtime, and record-keeping provisions of the Fair Labor Standards Act ((" FLSA") for its topless dancers. *Reich v. Circle C*, 998 F.2d 324. The Circle C dancers, like the dancers for Danny's, derived compensation solely from tips they received from customers for performing on stage and for private dances. They were required to pay Circle C an amount of money for stage rental. Also like the case *sub judice*, the nightclub in that case claimed that the dancers were "tenants."

In *Reich,* the Fifth Circuit Court of Appeals, in determining whether the dancers were employees, looked to the extent to which the employee was economically dependent upon the business. *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 143 1054 (5th Cir. 1987) *cert denied,* 484 U.S. 924 (1987). "[I]n other words," the *Reich* court said, "our focal inquiry in determining employee status is whether the individual is, as a matter of economic reality, in business for

5

herself." *Reich* at 327 (citing *Donovan v. Tehco*, 642 F.2d 141, 143 (5th Cir. 1981)).

The court looks at five factors to determine the degree of the dancer's dependency.

(1) the degree of control exercised by the alleged employer;
(2) the extent of the relative investments of the worker and alleged employer;
(3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer;
(4) the skill and initiative required in performing the job; and
(5) the permanency of the relationship.

*Reich* at 327.

No single factor is determinative, the Court said. *Id.* at 327 (citing *Mr. W Fireworks,* 814 F.2d at 1054). After reviewing all of the above elements the *Reich* Court concluded as follows.

> Despite the lack of permanency, on the balance, the five factors favor a determination of employee status. A dancer has no specialized skills and her only real investment is in her costumes. Circle C exercises significant control over a dancer's behavior and opportunity for "profit.".... Here, the economic reality is that the dancers are not in business for themselves but are dependent upon finding employment in the business of others. We reject the defendants' creative argument that the dancers are mere tenants who rent stages, lights, dressing rooms, and music from Circle C.

*Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 328–29 (5th Cir. 1993).

The above *Reich* factors apply to the Danny's complainants herein in the same way and with the same result. These dancers are employees, not 'tenants' as stated in the Entertainment Lease [doc. no. 75-4]; nor are they independent contractors.

Plaintiff EEOC cites numerous other foreign cases that have examined the issue and determined that an employer - employee relationship existed between these dancers and the entities for which they worked. *Hart v. Rick's Cabaret, Int'l, Inc.,* 967 F. Supp. 2d 901, 912 (S.D. N.Y. 2013) (quoting *Harrell v. Diamond A. Entm't, Inc.,* 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); *see also McFeeley v. Jackson St. Entm't, LLC*, 47 F. Supp. 3d 260, 273 (D. Md. 2014); *Butler v. PP & G, Inc.,* 2013 U.S. Dist. LEXIS 159417 (D. Md. Nov. 7, 2013); *Stevenson*

*v. Great Am. Dream, Inc.,* 2013 U.S. Dist. LEXIS 181551 (N.D. Ga. 2011); *Thompson v. Linda And A., Inc.* 779 F. Supp. 2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp,* 2010 U.S. Dist. LEXIS 55636 (S.D. Ind. June 4, 2010); *Reich v. Priba Corp.,* 890 F. Supp. 586, 592 (N.D. Tex. 1995); *Martin v. Priba Corp.,* 1992 U.S. Dist. LEXIS 20143 (N.D. Tex. Nov. 6, 1992); *Donovan v. Tavern Talent & Placements, Inc.*, 1986 U.S. Dist. LEXIS 30955 (D. Colo. Jan. 8, 1986

Defendant did not adequately respond to Plaintiff's Motion for Partial Summary Judgment. Among other things, Defendant failed to provide a single case or legal authority of any kind. Defendant has not offered any authority to counter Plaintiff's argument that "[t]he overwhelming majority of courts in this circuit and throughout the country have found that exotic dancers are employees and not independent contractors." *Plaintiff's Memorandum Brief* [doc no. 76 at p. 9]. Defendant also has not cited to this court a single case in which a court has determined that exotic dancers were *not* employees under these or any similar circumstances.

The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the instant case the EEOC has met this initial burden. Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 325. Defendant has not done this.

Defendant's Memorandum in Opposition to Plaintiff's motion offers very little in the way of facts in the record to show that a genuine issue remains for trial on this point. Danny's arguments in opposition to the motion include the following three points.

1) **Because the complainants refused to provide tax returns in response to discovery requests there is no proof that they earned any money as dancers during the alleged**

7

**time period**.

Response: As earlier discussed, *Reich* and other cases have found exotic dancers such as complainants here, to be employees even though they were paid only through tips from customers and not directly compensated by their alleged employers. See e.g., *Hart v. Rick's Cabaret Int'l,* 967 F.Supp.2d 901 S.D. N.Y. 2013); *McFeeley v. Jackson St. Entm't., LLC*, 47 F. Supp.3d 260, 273 (D. Md. 2014); *Butler v. PP & G, Inc.* (S.D. NY 2013).

   **2) The dancers sign an Entertainment Lease that designates them as independent contractors.**

   Response: The Fifth Circuit has established that an agreement cannot turn an employee into an independent contractor.   *Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1315 (5th Cir. 1876); see also  *Robicheaux v. Radcliff Material, Inc.* 697 F.2d 662, 667 (5th Cir. 1983)

   3) **The dancers are required to "supply their own tools of the trade, i.e., costumes, wearing apparel, shoes, makeup, hair spray and perfume" and the club did not control the days or hours worked**."

Response: Plaintiff provides extensive documentation by way of deposition testimony and declarations, that Danny's exercised significant control over the dancers, including establishing  work schedules, implementing workplace rules and expectations, imposing fines for tardiness and other reasons, setting the amounts charged customers for private dances, approving the music that could be used and more. Defendant provides no specifics and cites no proof in the record of its alleged lack of control over the dancers.

As the court stated in *Adams v. Traveler Indem. Co. of Connecticut*, where the non-movant fails to respond to the motion for summary judgment, the court must inquire as to whether the facts presented by the movant  create an appropriate basis to enter summary judgment in the movant's favor. That is precisely the court's inquiry here; and this court is persuaded that the facts presented by the movant create an appropriate basis for this court to

grant summary judgment to Plaintiff on this issue. *Id.* 465 F.3d 156, 163–64 (5th Cir. 2006)

## CONCLUSION

No material issue of fact remains to be decided by the trier of fact regarding whether the Complainants are employees of the Defendant. This court has viewed the evidence in the light most favorable to the non-movant, and for all the reasons stated, concludes that the dancers who are the complainants in this matter were employees of the club for which they worked at the time of the events that are the subject of this lawsuit. The motion for partial summary judgment filed by the United States Equal Employment Commission **[doc. no. 75]** is hereby **granted.**

SO ORDERED, this, the 11th day of September, 2018.

                                                   s/ HENRY T. WINGATE  
                                                UNITED STATES DISTRICT JUDGE