IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                    PLAINTIFF

v.                                                              Civil Action No. 3:16-CV-00769-HTW-LRA

DANNY'S RESTAURANT, LLC AND
DANNY'S OF JACKSON, LLC F/K/A
BABY O'S RESTAURANT, INC. D/B/A
DANNY'S DOWNTOWN CABARET                                                DEFENDANTS

_____

**ORDER DENYING SUMMARY JUDGMENT**
_____

Before the court is the Motion for Summary Judgment filed by the Defendant, Danny's of Jackson LLC (hereafter "Danny's of Jackson" or "Defendant"). **[doc no. 73].** The Plaintiff United States Equal Employment Opportunity Commission (hereafter "EEOC" or "Plaintiff") opposes the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit is an enforcement action brought by the EEOC under the auspices of Title VII of the Civil Rights Act of 1964[1], as amended, and the Civil Rights Act of 1991, to correct allegedly unlawful employment practices based on race and seeking relief on behalf of five Black female exotic dancers who allegedly were subjected to disparate terms and conditions of employment based on their race. The suit initially was brought against Danny's Restaurant, LLC, as well as against Danny's of Jackson, LLC (hereafter Danny's of Jackson). Danny's

---

[1] 42 U.S.C. §2000e, et seq

1

Restaurant, LLC did not file an answer nor enter an appearance in this cause. Resultantly, the United States Clerk of Court for this Division entered default against this defendant on August 24, 2017 [doc. no. 41].

Danny's of Jackson is the current owner of a strip club, "Danny's Downtown Cabaret," located at 995 South West Street, in the downtown area of Jackson, Mississippi. Danny's of Jackson is a limited liability company formed in March of 2016, by Danny McGee Owens (hereafter "Owens) and his son, Daniel Daxon Owens (hereafter "Dax"), who were the only members. *Certificate of Formation* [doc. no. 79-24]. At present, Danny McGee Owens claims to be the sole member of the limited liability company. According to Danny's of Jackson, the previous owner of Danny's Downtown Cabaret was "Baby O's Restaurant, Inc.," (hereafter Baby O's). Baby O's, says Danny's of Jackson, owned the strip club in 2013, the period during which the Title VII violations at issue here, allegedly occurred. Owens was incarcerated during this time, having been sentenced to federal prison in 1992 and released in 2016.

Baby O's was incorporated in April, 1998, and its principal office address was 995 S. West Street, Jackson, Mississippi, the same address as the location of Danny's Downtown Cabaret. The officers and directors of Baby O's included: Owens' best friend, Dwight Easley, vice president; Owens' girlfriend at that time, Lesli Stovall, president; Owens' step father, James C. Cooper, incorporator, and Owens' son, Dax, registered agent.

On August 2, 2013, Ashley Williams, a dancer working at Danny's Downtown Cabaret, lodged a charge of discrimination with the EEOC [doc. no. 81-10]. Following the requisite investigation, EEOC issued a Letter of Determination on June 2, 2016 [doc. no. 81-13], finding reasonable cause to believe that the Defendants had violated Title VII. Efforts at conciliation failed and on July 29, 2016, the EEOC issued to Defendants a Notice of Failure of Conciliation,

and filed the instant lawsuit on September 30, 2016.

Plaintiff seeks, *inter alia,* injunctive relief, damages and other affirmative relief to make the complainants whole, as well as back pay for Ashely Williams, who alleges retaliation and wrongful termination. Plaintiff also asks for punitive damages for what it alleges to be malicious and reckless conduct.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*; *Copeland v. Nunan,* 250 F.3d 743 (5th Cir. 2001); see also *Wyatt v. Hunt Plywood Company, Inc.,* 297 F.3d 405, 408–09 (2002). When assessing whether a dispute as to any material fact exists, all of the evidence in the record is considered, but the court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); instead, the court must "draw all reasonable inferences in favor of the nonmoving party." *Id.*; *Wyatt*, 297 F.3d at 409. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.* 369 U.S. 654, 655 (1962).

A party, however, cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *TIG Ins. Co. v. Sedgwick James of Wash.* 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile,* 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate

if a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

1. **Danny's of Jackson claims it is entitled to summary judgment because it was not the owner/employer during the period of the alleged violations.**

In support of its Motion for Summary Judgment, Danny's of Jackson makes four arguments. First, says this Defendant, it is not responsible for any discriminatory acts prior to the date that Danny's of Jackson purchased the assets of the strip club from Baby O's, on or about April 11, 2016. Around the time Owens was about to be released from prison, he formed the limited liability company, Danny's of Jackson, with his son Dax. According to Owens, the company then purchased the assets of Danny's Downtown Cabaret from Baby O's, which had owned the club during Owens' imprisonment. Attached to this Defendant's memorandum brief is a bill of sale entered into between Danny's of Jackson, LLC, as buyer, and Baby O's Restaurant, Inc., as the seller, on April 11, 2016[2] [doc. no. 74-6].

The Defendant, Danny's of Jackson, contends that, as purchaser of the club's assets in 2016, it cannot be held liable for acts committed under the ownership of Baby O's that occurred three years earlier. Relying on well-settled authority, EEOC argues that Danny's of Jackson, the new owner of the strip club, is liable for the Title VII infractions that occurred under the previous owner, Baby O's, under the successor liability doctrine. Danny's of Jackson does not cite a single case, statute, regulation or legal authority of any kind to support its contentions to the contrary.

---

[2] The document actually identifies the restaurant/nightclub operated by the seller as "Black Diamonds, LLC", but this court presumes this is a typographical error, since the address stated, 995 S. West Street, Jackson, Mississippi, is the correct address for Danny's Downtown Cabaret, [doc. no. 74-6 at p. 1], and because this Defendant, in its brief, identifies this bill of sale as the document by which Owens purchased the restaurant/nightclub "Danny's Downtown Cabaret." [doc no.74 at p.2] from Baby O's.

4

The successor liability doctrine is derived from labor law principles. It was first applied to employment discrimination cases in *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974) (considerations that justify use of the successor doctrine to remedy unfair labor practices apply equally to unfair employment practices under the Civil Rights Act of 1964). "[T]he purpose of the doctrine is to ensure that an employee's statutory rights are not "vitiated by the mere fact of a sudden change in the employer's business." The doctrine allows the aggrieved employee to enforce against the successor a claim he could have secured against the predecessor." *Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996) (quoting *Brennan v. Nat'l Tel. Directory Corp.,* 881 F. Supp. 986, 992 (E.D. Pa. 1995)).

*Rojas, supra,* is the leading case on this issue from the United States Court of Appeals for the Fifth Circuit. *Rojas* delineates nine factors that the court should consider in deciding whether successor liability applies to the purchasing company. The first two factors are: (1) whether the successor company had notice of the charge or pending lawsuit before acquiring the assets of the predecessor; and (2) the ability of the predecessor to provide relief. The other seven factors help to establish whether there was a "substantial continuity" of business operations between the two entities. As more thoroughly discussed in the court's Order and Opinion on EEOC's Motion for Summary Judgment as to Successor Liability, this court is persuaded that Danny's of Jackson is liable as the successor in interest, for Title VII violations that allegedly occurred during the period that Baby O's was the owner of Danny's Downtown Cabaret.

The primary argument made by Danny's of Jackson to avoid successor liability is that Danny McGee Owens [hereafter "Owens"], the sole member of Danny's of Jackson LLC, was incarcerated during the time of the violations alleged by the complainants here, and that Owens

did not participate in operating the business while in prison. Owens was incarcerated for a federal felony conviction from approximately 1992 to 2016. Defendant does not explain how this argument assists the court's evaluation of the successor liability issue utilizing the *Rojas* factors; nor does Defendant provide sufficient evidentiary support that Owens did not, in fact, operate the business while in prison.

Defendant submits Owens' affidavit [doc. no. 74-4] denying that he ran the business from prison; but such a conclusory affidavit, without factual specifics is insufficient to create a genuine issue of material fact. *Orthopedic & Sports Injury Clinic v. Wang Lab. Inc.,* 922 F.2d 220, 224 (5th Cir. 1991). The Defendant also submits copies of the prison policies and handbook in an attempt to establish that Owens was unable to conduct business from the prison because that would violate prison policies. Owens, however, acknowledged operating another business while he was incarcerated. Owens described in his deposition how he and his son, Blake Owens, purchased real estate during the "real estate bubble," beginning around 2007 or 2008, a period during which he was incarcerated. Owens stated:

> A: And luckily I had a little bit of cash and so we started buying. I had no idea things got as cheap as they did, and we just kept buying, and we got stuff real, real, real cheap. If you didn't have any cash, you couldn't get any financing. We got some financing on the phone in my personal name on the first 10 or 11 houses, and we paid it off, and --- and then we went back, and we were paying 30 percent down, and we came back and wanted to buy some more, and the bank, of course, at that time, they just froze. . . .
> . . .
> Q: Do you remember what bank you were financing for those first couple of houses?
> A: Renasant Bank.
> Q: Renasant Bank?
> A: Yes.
> Q: And you said that you personally got the loan for that?
> A: Yes.
> . . .
> Q: Okay. So he would tell you that this is a property that I'm interested in?
> A: Yes.

6

> Q: And you would give him the –
> A: And we would talk about it, and, you know, we would go from there.
> Q: Okay. And then once he had your approval, he would go forward and purchase the property?
> A: Right. . . .

*Owens Dep.* 56:8 - 58:8.[doc. no. 79-1 at p.31-33].

The prison policies relied on by Defendant are not probative of the issue as to whether Owens operated the strip club at issue from prison and Owens' own testimony shows that he did have that ability.

Danny's of Jackson references the testimony of three deponents, presumably in an attempt to support its position that it is not liable as a successor in interest for the Title VII violations alleged. Defendant, however, does not direct this court to specific statements made by these witnesses nor provide the excerpts of that deposition testimony. Only the following information was provided, which appears in a footnote to Danny's memorandum brief.

> The depositions of Brittany Rayner, taken on September 20, 2017, Alison Wade, taken on October 13, 2017, and of Mike Raynor taken on October 25, 2017, cannot be located for purposes of providing the Court with page and line number references. This Defendant request[sic] the Court additional time to obtain copies of the depositions and supplement the page and line references.

*Memorandum in Support of Defendant's Motion for Summary Judgment* [doc. no. 74 at p. 2, fn.2].

The United States Court of Appeals for the Fifth Circuit has stated the following. "[R]ule 56 [of the Federal Rules of Civil Procedure] does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 also does not require the district court to sift through the record in search of evidence to *support* a party's motion for summary judgment, and this court is not willing to do so. Since the Defendant does not cite to any specific pages of the depositions referenced, nor provide copies of

7

the deposition testimony to this court, this court is unable to consider, on its behalf, any statements that the Defendant attributes to these deponents.

Finally, Defendant provides the "Bill of Sale and Assignment and Assumption Agreement" [doc. no. 74-6], which purports to be the bill of sale by which Danny's of Jackson purchased the assets of Danny's Downtown Cabaret from Baby O's Restaurant, Inc.

The moving party bears the initial burden of "informing the Court of the basis of its motion" ***and identifying those portions of the record*** "which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 163. See also *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Defendant here, has not met its initial burden. Danny's has not provided any legal authority nor any factual basis for its position. Defendant failed to show that there is no genuine issue of material fact; <u>Fed. R. Civ. P. 56(a)</u>; *Copeland v. Nunan,* 250 F.3d 743 (5th Cir. 2001); <u>*Wyatt v. Hunt Plywood Company, Inc.,* 297 F.3d 405, 408–09 (2002)</u>; thus Danny's is not entitled to summary judgment in its favor on this issue.

On the other hand, EEOC has also filed a motion for partial summary judgment in its favor on the issue of successor liability [doc. no. 79]. This court has reviewed EEOC's motion and the response by Danny's of Jackson, the record and relevant authorities in connection with that motion. This court has concluded that EEOC is entitled to summary judgment in its favor on this issue, as more thoroughly discussed in the Opinion and Order resolving that motion.

2. **Danny's of Jackson, LLC claims that it did not have at least fifteen employees each day for twenty calendar weeks**.

The provisions of Title VII apply to employers with fifteen or more employees for each working day in each of twenty or more calendar weeks. Title 42 U.S.C. 2000e (b). Danny's says that it does not meet that threshold requirement of fifteen or more employees. The Defendant seems to be of the opinion that fifteen employees must actually be present on each

8

day of the twenty weeks; but, that is not the case. The threshold is met when there is an employment relationship with fifteen or more persons for each working day for twenty or more weeks. *Walter v. Metro. Educ. Enterprises, Inc.,* 519 U.S. 202, 206 (1997).

On this matter, the EEOC has presented the deposition testimony of former Danny's managers, who described with specificity, the staff required to operate the business for each shift. That number amounted to more than fifteen employees per day over a twenty-week period. Defendant has not filed a reply brief to refute the matters raised in Plaintiff's Opposition Memorandum [doc. no. 85].

Danny's of Jackson also contends that the dancers are not 'employees', but 'independent contractors', and should not be counted as part of the fifteen employees. EEOC's proof shows, that even without counting the dancers as employees, the club employed at least eighteen persons each day. In *Reich v. Circle C Investments, Inc*., the Fifth Circuit Court of Appeals, in deciding whether the exotic dancers in that case were employees, said "our focal inquiry in determining employee status is whether the individual is, as a matter of economic reality, in business for herself." *Id.,* 998 F.2d 324, 327 (5th Cir. 1993) (citing *Donovan v. Tehco,* 642 F.2d 141, 143 (5th Cir. 1981)). *Reich* listed factors to be reviewed in making this determination. *Id*. at 327. See also, *Brock v. W Fireworks, Inc*., 814 F.2d 1042 (5th Cir. 1987) *cert denied*, 484 U.S. 924 (1987).

Consistent with those *Reich* factors, EEOC's unrefuted proof consists of documents, such as *Danny's Dance Sheets* [doc. no.75-10] and the deposition testimony of past and current dancers and former managers. That testimony shows that the alleged employer: a) decides who can work on a given night and who can be sent home; b) sets the amount of fees the dancers can charge customers for private dances; c) takes and holds the dancers' licenses to work as adult entertainers; d) fines workers for leaving before the end of a shift and for other reasons; e) has to

approve the music used by the dancers; and f) has a major investment in the business as compared to the dancer whose investment is minimal, consisting mainly of costumes. Also tending to show the dancers are employees is the fact that little skill or training is required to perform the job.

Further, this court previously has made the determination that the dancers at issue were "employees" of the club, and *not* "independent contractors". The club controls all aspects of the dancers' work, such that under the *Reich* criteria, this court concludes that as a matter of economic reality, the dancers are not in business for themselves. This court entered its order granting partial summary judgment to EEOC [doc. no. 118] on this point. Therefore, this court is persuaded that the number of persons employed by the club was well in excess of fifteen per day.

Having reviewed the briefs on this issue, including the briefs on Plaintiff EEOC's motion, the record and relevant authority, this court is persuaded that Danny's of Jackson, LLC employed the requisite fifteen employees each day for twenty calendar weeks; thus, this court finds that Danny's of Jackson is not entitled to summary judgment on this issue.

3. **Danny's of Jackson, LLC claims there are no genuine issues of material fact concerning whether any adverse job action was taken against any of the complainants.**

For its third point, the Defendant makes a two-sentence argument, without any legal authority or factual support, that the employer took no adverse action against these complainants. This is the factual issue at the heart of this lawsuit. EEOC has provided evidence in the form of deposition testimony that, among other things, the claimants were subject to a "black quota" which placed a cap on the number of Black dancers who could work on a given shift. White dancers were not subjected to any quota. *M. Rayner Deposition,* [doc. no. 84-2 at pp. 115-16, 118]; *B. Rayner Deposition* [doc. no. 84-3 at p. 70]; *A. Wade Deposition,* [doc. no. 84-4 at pp.

77-78]. Defendant has presented nothing to show that there is no genuine issue of material fact. Danny's of Jackson LLC is not entitled to summary judgment on this issue.

   4. **Danny's of Jackson, LLC contends it should have been provided an opportunity for corrective action in this disparate treatment case.**

Finally, Defendant contends that the complainants did not report complaints of disparate treatment to Owens, depriving the employer of the opportunity to take corrective action. Defendant relies on *Jansen v. Packaging Corp. of America* in support of this proposition. *Id.,* 123 F.3d 490 (7th Cir. 1996). *Jansen* is not applicable, however. That case deals with hostile work environment sexual harassment. An employer's defense that an employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer, is limited to vicarious liability sexual harassment cases. See *Casiano v. AT&T Corp.*, 213 F.3d 278,284 (5th Cir. 2000). It does not apply to the case *sub judice.* Defendant is not entitled to summary judgment on this issue.

## CONCLUSION

This court has viewed the evidence in the light most favorable to the non-movant, and for all the reasons stated, the motion for summary judgment filed by Danny's of Jackson, LLC **[doc. no. 73]** is **denied**.

SO ORDERED, this, the 24th day of September, 2018.

 s / HENRY T. WINGATE
 UNITED STATES DISTRICT JUDGE