IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                  PLAINTIFF

v.                                                                Civil Action No. 3:16-CV-00769-HTW-LRA

DANNY'S RESTAURANT, LLC AND
DANNY'S OF JACKSON, LLC F/K/A
BABY O'S RESTAURANT, INC. D/B/A
DANNY'S DOWNTOWN CABARET                                                DEFENDANTS

_____

**ORDER**

Before the court are two motions filed by the Defendant, Danny's of Jackson, LLC: 1) a motion to dismiss pursuant to Rule 12(b)(6) **[doc. no. 97];** and 2) a "motion to compel discovery and for a 30-day enlargement of time to depose complainants" **[doc. no.123].**

Defendant's Motion to Dismiss for Failure to State a Claim was filed by Defendant's former counsel, H. Byron Carter III. The basis of the motion is that Plaintiff failed to specifically plead a claim for successor liability in its Complaint. This court having reviewed the motion, the record and applicable authorities, finds that the motion is not well taken. First the motion is untimely. The deadline for the filing of dispositive motions is well past and Defendant did not seek leave of this court to allow filing; nor has Defendant shown good cause for the delay. Secondly, this court, by order of September 5, 2018, granted leave to Plaintiff EEOC to amend its Complaint to include an allegation of "successor liability," which it sought leave to do out of an abundance of caution. [doc. no. 115]. The issue of successor liability had been raised in Plaintiff's motions for summary judgment and briefed by both sides prior to the amendment of

the Complaint. Therefore, this issue already is resolved and, thus, this the motion is denied.

The second motion [doc. no. 123] is purportedly filed *pro se* by Danny McGee Owens, the president of Danny's of Jackson LLC. Danny McGee Owens, however, is not the Defendant in this lawsuit. The only Defendants are Danny's Restaurant LLC and Danny's of Jackson LLC, both limited liability companies. These entities cannot proceed *pro se*. It is well-settled that a corporation may not appear in federal court unless represented by an attorney. *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (per curiam) *(citing Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993); *Lavine v. Bank of America, N.A.* 672 Fed.Appx.453 (5th Cir. Jan. 3, 2017)(affirming district court denying plaintiff leave of court to proceed *pro se* on behalf of company, citing *Memon*). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). A limited liability company is subject to the same requirement.

The court granted Defendants' attorneys leave to withdraw by Order dated September 5, 2018 [doc. no. 116]. That Order mistakenly recited that Defendant was granted twenty days to notify the court of the identity of new counsel or to notify the Court of the intent to proceed pro se.

It will be necessary for the corporate defendant, Danny's of Jackson LLC, to obtain a licensed attorney to represent it in this matter. Danny's of Jackson is granted until October 22, 2018, to cause counsel to make an appearance on its behalf in this case. This Order supersedes that portion of the prior order that gave Defendant an alternative directive to notify the court if it would represent itself.

For the reasons stated, the motion to dismiss [doc. no. 97] filed by Danny's of Jackson

LLC by and through its attorney, must be denied.  The "motion to compel discovery and for a 30-day enlargement of time to depose complainants" [doc. no. 123] must be stricken by this court and held for naught, as it was filed by Danny McGee Owens, a non-attorney, on behalf of a corporate Defendant.  Likewise, the "Notice of Intent to Proceed Pro Se" [doc. no.122] must also be stricken and held for naught as it was filed by a non-attorney on behalf of a corporate entity.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that [doc. no.97] is denied; [doc no. 123] is stricken and [doc. no. 122] is stricken.  Defendant Danny's of Jackson LLC, shall obtain licensed counsel to represent it and make an appearance of record on or before October 22, 2018

SO ORDERED, this, the 5th day of October, 2018.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE