IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 3:16-cv-00769-HTW-LRA |
| DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC D/B/A DANNY'S DOWNTOWN CABARET | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Plaintiff Equal Employment Opportunity Commission ("EEOC" or the "Commission") has moved the Court to enter an Order in limine prohibiting Defendant Danny's of Jackson, LLC ("Defendant" or "Danny's"), Counsel for Defendant Danny's of Jackson, LLC, and, through counsel, any and all witnesses be instructed to refrain from asking about or mentioning, directly or indirectly, any of the matters contained in this Motion in Limine. Specifically, the EEOC requests that this Court instruct Defendant, Defendant's counsel, and Defendant's witnesses not to mention or bring before the jury, either directly or indirectly, upon *voir* dire examination, opening statement, interrogation of witnesses, introduction of evidence (including demonstrative evidence), argument or any other means any of the matters set forth below, unless and until such matters have been first called to the attention of the Court, out of the presence or hearing of the

jury, and after a favorable ruling obtained from the Court concerning the admissibility and relevance of any such matters. This Memorandum is submitted in support of Plaintiff's motion. Plaintiff's authorities and argument follow the statement of each matter sought to be excluded.

## I. STANDARD OF REVIEW

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.,* 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation omitted).

## II. GENERAL EVIDENTIARY PRINCIPLES

### A. Relevance

Rule 401 of the Federal Rules of Evidence states that "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The fact sought to be proved by the evidence offered must be material - a matter or issue in dispute. If evidence is not relevant, then it is not admissible. Fed. R. Evid. 402.

### B. More Prejudicial than Probative

Even if evidence is relevant, it is inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice includes the tendency to suggest to the trier of fact that it has the discretion to decide a disputed issue on an improper basis, such as illegitimate emotional appeal. Advisory Committee's Notes on Fed. R. Evid. 403. Fed. R. Evid. 403 provides that

although relevant, such evidence may be excluded if its probative value is substantially outweighed by its prejudice. The Fifth Circuit has enunciated a two-step analysis, encompassing the substance of both Rule 404(b) and Rule 403, for determining the admissibility of extrinsic evidence. *United States v. Beechum,* 582 898, 911 (5th Cir. 1978). First, it must be determined that the extrinsic offense evidence is relevant to an issue other than character. *Id.* Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. *Id. See also United States v. Rocha*, 916 F.2d 219, 240 (5th Cir. 1990); *Gross v. Black and Decker (U.S.), Inc.,* 695 F.2d 858, 863 (5th Cir. 1983).

### III.  ARGUMENT

**A.  Any mention of Williams' and Class Members' communications with EEOC attorneys**

Any communications between Williams and EEOC attorneys are protected by the attorney/client privilege. Likewise, any communications between Class Members Sharday Moss ("Moss"), Adrea Samuel ("Samuel"), Latoria Garner ("Garner"), and Jordyn Riddle ("Riddle") and EEOC attorneys are protected by the attorney/client privilege. The Commission requests the Court prohibit any questioning designed to elicit the substance of any communications between Williams and EEOC attorneys as well as Class Members and EEOC attorneys.

Although EEOC attorneys do not maintain a traditional attorney/client relationship with the charging parties upon whose allegations its legal claims are based, courts generally agree that the EEOC maintains a relationship with claimants that supports an attorney/client privilege applicable to communications between the two. *See EEOC v. Collegeville/Imagineering Ent.,* 2007 WL 158735, at * 2 (D. Ariz. Jan. 17, 2007)(filing of charges with EEOC and EEOC's subsequent filing of suit constitutes sufficient evidence of an attorney-client suit); *EEOC v. Chemtech Int'l Corp.*, 1995 WL 608333, at *2 (S.D. Tex. May 17, 1995)(applying attorney-client and common

interest privileges in ADA action); *EEOC v. HBE Corp.*, 1994 WL 376273, at *2 (E.D.Mo. May 19, 1994) (applying attorney-client and common interest privileges in Title VII action).

**B.     Any testimony and/or evidence concerning the EEOC's investigation preceding this suit**

Defendant may seek to challenge the adequacy of the EEOC investigation and the sufficiency of the evidence that resulted in the EEOC's reasonable cause determination. However, such an inquiry serves no useful purpose, and any probative value is substantially outweighed by prejudice, waste of time, and likelihood of misleading the jury. Fed. R. Evid. 402 and 403.

First, the inadequacy or incompleteness of an EEOC investigation is not a valid affirmative defense to a claim of discrimination. *See EEOC v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980) (striking defendant's "so-called affirmative defense of malicious prosecution and harassment" as it "did not relate to the primary issue" of whether the defendant committed unlawful discrimination). Defendant simply cannot assert an insufficient or improper EEOC investigation as a defense to the allegations of the complaint. A number of courts have rejected similar challenges to the sufficiency of an EEOC investigation. *See, e.g., EEOC v. KECO Indus., Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984) (adequacy of EEOC investigation not a relevant issue); *Georator Corp. v. EEOC*, 592 F.2d 765, 767 (4th Cir. 1979) (trial is de novo and the court will not determine whether substantial evidence supported EEOC's finding of reasonable cause); *EEOC v. St. Anne's Hospital*, 664 F.2d 128, 131 (7th Cir. 1982) (employer not entitled to challenge adequacy of EEOC investigation, or contend that it was denied opportunity to provide information which would have altered conclusions). In so holding, these courts have noted that the EEOC has no adjudicatory power and its proceedings are not binding on the employer or reviewable by a court. *See EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005); *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 370-71 (4th Cir. 1976). The purpose of the EEOC's investigation is simply to

determine whether there is a basis for the charge of discrimination. *KECO Indus., Inc.,* 748 F.2d at 1100. The agency's findings carry "no determinate consequences." *Georator Corp. v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979). Once a lawsuit is filed, Title VII provides for a trial de novo, wholly separate from the investigation that occurred at the administrative stage. *See KECO Indus., Inc.,* 748 F.2d at 1100. Any evidence that Defendant seeks to introduce concerning the adequacy or sufficiency of the EEOC investigation is therefore irrelevant and inadmissible. *See Newsome v. EEOC,* 37 Fed. App'x. 87, 2002 WL 971379 at * 2 (5th Cir. 2002) (quoting *KECO Industries* for proposition that "the nature and extent of an EEOC investigation into a discrimination is a matter within the discretion of that agency.").

Second, the sufficiency of the EEOC's investigation is irrelevant and a waste of time as this Court has already determined Defendant discriminated against Williams and Class Members in violation of Title VII when it granted Plaintiff's Motion for Summary Judgment as to Liability. (Doc. 120). At trial, the jury and the trial judge must find the facts and draw legal conclusions from them, independent of any investigation and determination by the EEOC. *Dickerson v. Met. Dade County*, 659 F.2d 574, 579 (5th Cir. 1981). The Court has already done so. (Doc. 1). The sole remaining issue at trial is the amount of damages that should be awarded due to Defendant's violation of Title VII—not whether the EEOC conducted an adequate investigation. Therefore, any discussion of the sufficiency of the EEOC's investigation is irrelevant under 401 and 402, and a waste of time under 403.

**C.     Any evidence, witnesses, or testimony Defendant did not timely disclose.**

The Commission requests the Court prohibit Defendant from offering, referring to, or eliciting any testimony, evidence or documents which Defendant did not timely disclose.

The Court ordered all parties to complete all discovery by January 23, 2018. (Doc. 64).

Long after the close of discovery in this case, Defendant produced a large number of irrelevant, frivolous documents to the EEOC and to the Court. These include: affidavits from various employees of Danny's Downtown Cabaret asserting, in essence, that their boss, Danny McGee Owens, is not a racist, does not use racist language, and treats dancers the same without regard to race. Defendant has also produced to the Court and the EEOC, after the close of discovery, security footage from a VIP room at Danny's Downtown, allegedly depicting one of the class members in this case engaging in alleged illegal activity.[1]

The disclosure of documents, purported evidence, and new witnesses Defendant has disclosed to the EEOC after the close of discovery raise the concern that Defendant will attempt, at trial, to introduce documents and solicit testimony from witnesses who were not disclosed to the EEOC during discovery. Accordingly, EEOC moves to exclude from the jury any and all documents Defendant has produced to the EEOC after the close of discovery as well as the DVD Defendant has recently produced to the EEOC. More generally, EEOC moves to exclude from the jury, all documents and witnesses that Defendant failed to produce before discovery in this case closed on January 23, 2018.

Rule 26(e) requires each party to supplement or correct a prior disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process…" Fed. R. Civ. P. 26(e). The basic purpose of Rule 26(e) is to "prevent a party from being prejudicially surprised by information presented at trial." *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

In addition, Rule 37(c)(1) provides, in part, "If a party fails to provide information…as

---

[1] Defendant sent these documents to EEOC counsel and the court on September 13, 2018. The packet contained approximately 34 affidavits and a DVD.

required by Rule 26(a) or (e), the party is not allowed to use that information…at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *Francois v. Colonial Freight Sys., Inc.*, 2007 WL 4564866, at *3 (S.D. Miss. Dec. 21, 2007)(excluding evidence not produced during discovery period); *Riley v. Ford Motor Co.*, 2011 WL 3273592, at *3 (S.D. Miss. July 29, 2011)(same).

The discovery period in this case lasted approximately 14 months. Defendant had ample opportunity during discovery to identify relevant witnesses and produce relevant documents to the EEOC, to the extent it believed those documents and witnesses were relevant to claims and defenses of the parties. Despite frequent prodding by the EEOC, Defendant failed to identify any such witnesses or produce relevant documents in its defense. *See, e.g.*, Docs. 19, 20, 21, 22, 27, 28, 38. Defendant's attempt to bypass the discovery process is not substantially justified given the length of the discovery period. And it is not substantially justified given the largely unsuccessful efforts of the EEOC to compel Defendant to honor its discovery obligations.

Nor can Defendant carry its burden under Rule 37(c)(1) to show that its failure to timely supplement its discovery responses and disclosures is "harmless." EEOC took extensive deposition testimony during discovery and likely would have deposed any witnesses Defendant had identified as relevant to the claims and defenses of the parties. Any attempt by Defendant to produce such witnesses at trial without having disclosed them to the EEOC during discovery—thereby allowing EEOC to depose such witnesses and subject their testimony to scrutiny before trial—would constitute unfair surprise. This is what Rule 26 and Rule 37 are designed to avoid. *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009)("The purpose of [Rule 26's] disclosure requirements is to "eliminate unfair surprise to the opposing party.").

**D.     Any mention of Class Members' criminal records, criminal acts, and/or evidence of other specific instances of conduct, pursuant to Fed. R. Evid. 401, 402, 403 and 404.**

The Commission seeks the exclusion of evidence or cross examination regarding Class Members' criminal and other history that does not sufficiently bear upon general credibility, including: (1) convictions that are at least ten years old; (2) convictions for misdemeanors that are not crimes of dishonesty; (3) all arrests and charges; (4) all other "litigation history" (participation in civil litigation, unemployment and workers' compensation proceedings, divorces, etc.); (5) and other acts and/or specific instances of conduct. Because the only issue at trial is what, if any, damages should be awarded to each Class Member, a Class Member's conviction or litigation history is potentially relevant only to her general credibility as testifying witness. Any mention of a Class Members' prior criminal convictions should be excluded until Defendant establishes its admissibility under the Federal Rules of Evidence 401, 402, 403, and 404.

1. Convictions

Federal Rule of Evidence 609(a) provides that for the purpose of attacking a witnesses' character for truthfulness, evidence that a witness was convicted of a crime will be admitted only if the crime (1) was punishable by death or imprisonment in excess of one year and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant or (2) involved dishonesty or false statement. Fed. R. Evid. 609(a); *United States v. Preston*, 608 F.2d 626, 638 (5th Cir. 1979) (remanding a robbery conviction so the trial court could make an evidentiary determination as to the probative value of admitting a prior bank robbery conviction outweighed its prejudicial effect). Under Fed. R. Evid. 609(a), if a prior conviction is not punishable by death or by imprisonment in excess of one year, the conviction is admissible only if the crime involved dishonesty or false statement. *United States v. Walker*, 613 F.2d 1349 (5th Cir. 1980)(affirming the trial court's exclusion of a witness's prior conviction because it did

not involve dishonesty or false statement and therefore was not admissible under Fed. R. Evid. 609(a)). Additionally, Fed. R. Evid. 609 (b) states that a conviction more than 10 years prior is not admissible, unless its probative value substantially outweighs its prejudicial effect.

Generally, extrinsic evidence is not admissible to prove specific conduct of a witness in order to attack his credibility. Fed. R. Evid. 608 (b); *United States v. Farias-Farias,* 925 F.2d 805, 809 (5th Cir. 1991). The Rule, however, does permit inquiry on cross examination into specific instances of conduct which bear on a witness' credibility in order to impeach the credibility of the witness. *Id.* The probative value of the testimony must "substantially outweigh" the prejudicial value under Rule 403. A district court may under Rule 608(b) determine if the evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value. *See e.g., United States v. Skelton,* 514 F.3d 433, 444 (5th Cir. 2008); *United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987).

*i. Stale Convictions*

All evidence and questioning regarding convictions (or resulting imprisonment terms) older than ten years should be excluded under Rules 609(b), 608, and 403. The Fifth Circuit has held that there is a presumption against the use of prior crime impeachment evidence over ten years and that such convictions will be admitted very rarely and only in exceptional circumstances. presumption *See e.g., Mills v. Estelle*, 552 F.2d 119, 120 (5th Cir. 1977)("609(b) establishes a presumption against the use of more than 10-year old convictions."); *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979) ("Rule 609(b) makes over-age convictions inadmissible unless the court makes the required finding of probative value. The general rule, therefore, is admissibility.") There are no exceptional circumstances justifying the introduction of stale convictions in this case and any admission of stale convictions would serve to unduly prejudice the jury by painting the

Class Members as criminals, and to delay the trial by requiring competing evidence and testimony regarding the convictions' underlying conduct. *United States v. Cox,* 536 F.2d 65, 72 (5th Cir. 1976)(probative value of evidence of false statements to immigration officials sixteen years before trial outweighed by danger of unfair prejudice).

Cross examination regarding convictions whose terms of imprisonment expired more than ten years ago should be excluded under Rule 608, for the same reason. *See United States v. Merida*, 765 F.2d 1205, 1217 (5th Cir. 1985)(questions about crimes older than ten years excludable under Rule 608(b)).

### ii. *Convictions for Misdemeanors That Are Not Crimes of Dishonesty*

Evidence and cross examination regarding convictions – at any time – for crimes that are not punishable by more than one year of imprisonment and are not crimes of dishonesty should also be excluded pursuant to Rules 403, 608, and 609, because they have little bearing on credibility and are highly prejudicial. *See United States v. Barnes, United States v. Eterkin,* 624 F.2d 597, 598-99 (5th Cir. 1980); *United States v. Ashley*, 569 F.2d 975, 978-79 (5th Cir.); *United States v. Barnes*, 622 F.2d 107, 110 (5th Cir. 1980). Therefore, a misdemeanor conviction for a crime that does not involve dishonesty has no bearing on Class Member credibility or any other issue and should be excluded.[2]

2. <u>Arrests</u>

Evidence or questioning regarding arrests or criminal charges – at any time – that did not result in a conviction or guilty plea should also be excluded under the plain language of Rule 609(a), as well as Rules 608 and 403, because they do not bear upon credibility, are highly prejudicial in that guilt may be improperly presumed and necessitate trial-delaying competing

---

[2] Should Defendant seek to introduce any recent Class Member conviction for a non-dishonesty *felony*, the Commission will likely seek to exclude on Rule 403 grounds. *See* Fed. R. Civ. P. 609(a).

evidence on the underlying conduct. *See Michelson v. U.S.*, 335 U.S. 469, 482 (1948)("[A]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness….Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."); Vega v. Johnson, 149 F.3d 354, 363 (5th Cir. 1998)("The existence of an indictment, as opposed to a conviction, is not generally admissible to impeach"); *Dowthitt v. Johnson*, 230 F.3d 733, 756 (5th Cir. 2000)(citing *Vega*).

3. Litigation History

The Commission moves to exclude the Defendant from questioning Class Members, or seek to introduce evidence, regarding their "litigation history," including bankruptcies; unemployment, workers' compensation, disability proceedings; divorces; and complaints of discrimination. The Class Members' litigation history is irrelevant to the issue about which they will testify: what damages, if any, did they experience as a result of Defendant's discriminatory behavior. Defendant may try to argue that some of this evidence bears upon their credibility, e.g., that a Class Member who has been involved in civil litigation is litigious and more likely to lie in a subsequent lawsuit, or a Class Member who has declared bankruptcy is less credible because she may be seeking to recover money to ameliorate her financial woes. But this would be entirely speculative, and the prejudice to Class Members of delving into their personal histories in front of the jury − ad painting them as litigious or financially incompetent − would far outweigh any probative value as to their truthfulness.

4. Other Acts

Any evidence of illegal acts or other specific instances of conduct should be excluded until and unless Defendant proves its admissibility under the Federal Rules of Evidence. Rule 404(b) provides, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character

in order to show that on a particular occasion the person acted in accordance with the character," but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). In *United States v. Beechum,* the Fifth Circuit outlined a two-part analysis for the admission of evidence under 404(b). *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978). First, a court must determine the extrinsic offense evidence is relevant to an issue other than a witness's character. *Id.* Evidence of prior acts that are being introduced to demonstrate "character, disposition, or reputation" are clearly inadmissible. *Michelson v. United States*, 335 U.S. 469, 475 (1948). Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of 403. *Id.* In weighing the probative value and unfair prejudice, the court must make a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *United States v. Cockrell,* 587 F.3d 674, 678-79 (5th Cir. 2009) (quoting *Beechum,* 582 F.2d at 914). Rule 404 applies equally in criminal and civil cases. *See* Fed. R. Evid. 404 Advisory Committee's Note to 2006 Amendment ("The Rule has been amended to clarify that in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait.").

Defendant will likely seek to introduce before the jury inadmissible testimony or evidence regarding Class Members' illegal acts and/or other specific instances of conduct to disparage the conduct or character of the class members in violation of 401, 402, 403 and 404(b). Defendant's production of the security footage from a VIP room at Danny's Downtown, allegedly depicting one of the class members in this case engaging in alleged illegal activity, is clearly an attempt to impugn the character of the class member through "other acts" inadmissible under 404(b). As further examples, Defendant may seek to make reference to or introduce evidence that one or more

class members may have failed to file tax returns, or if filed, may have failed to report all income, or conducted other illegal acts. This trial is solely focused on the issue of damages and "other acts" character evidence is not relevant to the issue of damages under 401 and 402, and the prejudicial effect vastly outweighs any probative value under Rule 403. Therefore, Defendant should be precluded from introducing any testimony or evidence of Class Members' illegal acts or other specific instances of conduct in its attempts to disparage the character and/or reputation of the class members.

E.   **Any mention of, or reference to, Daniel Daxon Owens' September 25, 2018 affidavit and/or the allegations it contains against the Commission, pursuant to Fed. R. Evid. 401, 402, 403 and 404.**

The Commission requests the Court to prohibit any mention of, or reference to, Daniel Daxon Owens' ("Dax") September 25, 2018 affidavit and any alleged fraud. The September 25, 2018 affidavit is the subject of Defendant's currently pending Motion to Dismiss (Fsepspet 130) alleging fraud by the EEOC in obtaining the affidavit from Dax. (Doc. 130). Should this Court deny Defendant's Motion to Dismiss, any testimony or evidence relating to allegations of witness tampering, fraud, and/or coercion contained in Dax's September 25, 2018 affidavit should be excluded from this damages-only trial as it is not relevant to the monetary damages of the claimants. The Court has already held that Danny's of Jackson, LLC is the successor in liability to Baby O's Restaurant. (Doc. 120) Therefore, any testimony or evidence about Dax's affidavits is not of consequence in the instant action. The Court should exclude such evidence as irrelevant, prejudicial and not probative of any fact at issue in this case.

F.   **Any mention of *Owens et al vs. Two Unknown Named EEOC Agents*, pursuant to Fed. R. Evid. 401, 402, 403, and 404.**

The Commission requests the Court to prohibit any mention of *Owens et al vs. Two Unknown Named EEOC Agents, 3:18-CV-719-DPJ (*S.D. MS 2018). On October 17, 2018, Danny

M. Owens and Daniel Daxon Owens filed a lawsuit seeking damages, alleging that agents of the EEOC agents denied them their constitutional rights through threats and coercion. The conduct alleged is the same conduct alleged in Defendant's most recent Motion to Dismiss (Doc. 130) and is similarly irrelevant to the instant action. Any testimony or evidence about the *Owens* lawsuit against the EEOC is irrelevant under Fed. R. Evid. 401 to the question of how much damages, if any, the jury should award the claimants. Discussion of the *Owens* lawsuit in no way assists the jury in making the determination about the appropriate damages to be awarded to the claimants as a result of Defendant's discriminatory actions. Therefore, any testimony or evidence of the *Owens* lawsuit is not of consequence in the instant action. In addition, any probative value of reference to the *Owens* lawsuit is clearly weighed by its prejudice under Fed. R. Evid. 403. At this point in time, the *Owens* lawsuit consists solely of a complaint filed *pro se* by Dax Owens and his father as there have been no other actions in the case. To allow mention of, or reference to, a lawsuit that at this point consists of simply a complaint would potentially prejudice the jury against the Plaintiff EEOC and confuse the jury regarding whether the issue of successor liability is within the scope of the trial. Finally, any reference to or mention of the *Owens* lawsuit would be in violation of 404. Any reference to the *Owens* lawsuit would be an attempt by Defendant to besmirch the character and reputation of the EEOC. Therefore, the Court should exclude such evidence as irrelevant, prejudicial and not probative of any fact at issue in this case.

**G.     Any mention of, or reference to, statutorily imposed caps on compensatory or punitive damages**

The Commission requests the Court prohibit any mention regarding the statutory limits on the recovery of compensatory and punitive damages set forth in 42 U.S.C. § 1981a. That statute specifically prohibits the court from informing the jury of those limits. 42 U.S.C. § 1981(a)(c)(2). Instead, the cap is for the Court, not the jury, to apply. *Marlow LLC v. BellSouth Telcoms., Inc.,*

2013 U.S. Dist. LEXIS 232 *11 (S.D. Miss 2013)(denying Defendant's Motion in Limine precluding Plaintiff, its counsel and witnesses from referencing damage amounts in excess of the statutory cap because Federal Courts commonly reduce damages pursuant to statutory caps following a jury award."). *See also Warren v. Cty. Comm'n of Lawrence Cty., Ala.*, 826 F. Supp. 2d 1299, 1306 (N.D. Ala. 2011) ("[T]he cap is for the Court, not the jury, to apply; the statute expressly forbids the Court from informing the jury of the statutory limitations on recovery before deliberations.").

**H.** **Any Statements regarding the Commission and/or the EEOC's attorneys**

The Commission requests the Court preclude the Defendant, including its attorneys and witnesses, from referencing or mentioning the size of the federal government, the size of the Commission, or the number of attorneys who are employed by or who have appeared on behalf of the Commission in this matter. Such evidence or references are irrelevant and unfairly prejudicial. In addition, the Commission requests the Court preclude the Defendant, including its attorneys and witnesses, refrain from making comments disparaging the EEOC attorneys, impugning the integrity of the EEOC attorneys or commenting on them personally in any way in front of the jury. The Commission agrees to refrain from the same conduct.

**I.** **Any references to any rulings by the court or any motions made by the EEOC, except for motions and rulings that limit the scope and issues for trial.**

The Commission requests the Court preclude the Defendant, its attorneys, and any witnesses from mentioning or referring to in front of the jury any rulings, opinions, or orders made by this Court in this case or any motions by the Commission on which such rulings may have been based, except any motions and/or orders that limit the scope of the current trial. The Court alone is charged with the responsibility of instructing the jury on legal matters. The Court's rulings on those matters have no relevance to evidence or argument properly submitted to the jury by parties

or their counsel, and any reference to such could only be made for improper purposes. The same is true with respect to any motions made by the Commission. Fed. R. Evid. 401, 402, 403. Therefore, the Court should preclude any party or witness from referencing the Court's rulings, opinions, or orders.

**J.     Any statements that the jury should by its verdict "send a message" to the EEOC or the federal government or consider similar improper factors**

The Commission moves to exclude any references in *voir dire*, opening statement, closing argument, or at any other point of the trial that jury members should "send a message" to the EEOC or the federal government or consider similar and equally improper factors in deciding this case. Such statements are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." *Honda Motor Co. v. Oberg,* 512 U.S. 415, 426 (1994).

In *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985), the Fifth Circuit condemned a similar argument as an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial." *See also Guar. Serv. Corp. v. Am. Employers' Ins. Co.,* 893 F.2d 725, 729 (5th Cir.1990)(references to parties' relative popular appeal, identities, or geographical locations are improper); *Landrum v. Conseco Life Ins. Co.,* No. 1:12cv5, 2014 WL 28861, at *6 (S.D. Miss. Jan. 2, 2014) (granting the defendant's motion in limine with respect to any request for the jury to send a message or serve as the conscience of the community); *Riley v. Ford Motor Co.,* No. 2:09cv148, 2011 WL 3273592, at *4 (S.D. Miss. July 29, 2011) (same).

It is not uncommon in EEOC lawsuits for Defendants to suggest or argue to the jury that the EEOC is "wasting the taxpayers' money" by pursuing this case, or question the government's judgment in filing this lawsuit, or inferring that this case is a "waste of government resources," or similar argument along those lines. Although vigorous and aggressive advocacy concerning the

issues to be decided is acceptable and essential, the EEOC and its counsel are not themselves on trial. Such arguments do not bear on the issue of whether Defendant has engaged in unlawful discrimination. As such, adverse references or other aspersions concerning the EEOC and its counsel lack any probative value and create an unacceptable risk of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 402, 403.

The EEOC therefore seeks an order barring all trial counsel or witnesses from making adverse references or suggestions regarding the integrity or motivations of the government, the EEOC or its counsel. Such claims are not only wrong, and lacking in any evidence whatsoever, they also will open the door for distracting side issues and mini-trials about the information the EEOC obtained during the underlying investigation, the efforts the EEOC made to resolve the case before filing the lawsuit and the efforts made to resolve the case since filing the lawsuit in order to prove that the EEOC engaged in its best efforts to try to avoid the litigation at hand.

There is no place in this trial for unfairly prejudicial argument. The Court should preclude Defendant from making these or any similar references or arguments meant to inflame the jury and induce a verdict based on passion, prejudice, or any improper motivations.

**K.   Any references to any discovery in this case, including discovery disputes, and information supposedly not provided by the EEOC to the Defendant**

Any contention by Defendant that it sought information by interrogatories or Rule 34 document requests during discovery and such interrogatories or document requests were not adequately responded to is not a matter of concern to the jury, but is completely irrelevant to any issue in the case. If Defendant claims its discovery efforts were hindered, which they were not, Defendant could have filed a motion to compel or for other relief before the discovery deadline expired. Defendant failed to do so. Discovery and discovery disputes are not a proper concern for the jury. *Riley v. Ford Motor Co.,* No. 2:09cv148, 2011 WL 3273592, at *5 (S.D. Miss. July 29,

2011). Any reference to such matters could only be made for improper, prejudicial purposes. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Any relevance is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

**L.      Any reference to the length or sufficiency of the EEOC's conciliation process**

Defendant should be precluded from offering testimony, evidence, argument, or any comment about the length or sufficiency of the EEOC's conciliation process. First, the Court has already struck Defendant's defense raising failure to conciliate. (Doc. 38). Therefore, any attempt to introduce evidence regarding an issue already decided by this court is inadmissible. Second, the EEOC did engage in conciliation efforts with Defendant. The scope of review by the Court regarding the EEOC's conciliation process is limited. *Mach Mining, LLC v. E.E.O.C.,* 135 S. Ct. 1645, 1656, 191 L. Ed. 2d 607 (2015).

Reference to the EEOC's conciliation process runs afoul of Fed. R. Evid. 408 and could lead to the disclosure of prohibited settlement information. Moreover, reference to the sufficiency of the EEOC's administrative process, the length of the process, or conciliation in this case is irrelevant. Even if such references were relevant, the relevance is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. There is a real danger that referring to any prior conciliation efforts, the content of which is confidential, may create confusion among the jury, mislead the jury about the real issue at hand, or waste time. The jury may believe Williams and docthe class members or the EEOC should have reached settlement prior to trial. The jury could be prejudiced against Williams and the class members by such evidence, argument, or insinuation.

## CONCLUSION

For the reasons set forth above, Plaintiff EEOC, therefore, respectfully requests this Court to issue an order excluding evidence on the above matters.

Date: April 10, 2019

Respectfully submitted,

**MARSHA L. RUCKER**
Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

*/s/Alysia D. Franklin*
**ALYSIA D. FRANKLIN**
Trial Attorney
CA Bar No. 264410
alysia.franklin@eeoc.gov

**CHRISTOPHER WOOLLEY**
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

*/s/ Alysia D. Franklin*
Alysia D. Franklin