# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) ) | **Civil Action No.** |
| v. ) | **3:16-cv-00769-HTW-LRA** |
| ) | |
| **DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC D/B/A DANNY'S DOWNTOWN CABARET** ) ) ) ) ) | |
| **Defendants.** ) | |

## PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INJUNCTIVE RELIEF

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") respectfully submits the following Reply in support of its Motion for Judgment of Injunctive Relief ("Motion"), and states the following:

### ARGUMENT

Danny's of Jackson, LLC ("Defendant" or "Danny's") raises only three objections to the injunctive relief sought by the EEOC. First, Defendant opposes the inclusion of the word "purchasers" in Section V, ¶17, arguing that Rule 65(d)(2) of the Federal Rules of Civil Procedure precludes the court from binding, through an injunction, independent and bona fide purchasers of Defendant. (Doc. 147, pp. 2-5). Second, Defendant argues that it needs more than the sixty (60) days allotted in the Motion to: (a) retain an HR consultant, (b) conduct an EEO policy review, (c) revise and promulgate a new EEO policy, and (d) train its employees and managers. (Doc. 147,

pp. 5-7). Third, Defendant argues that the duration of the injunctive relief sought by the EEOC, five years, is unreasonable given the "totality of the circumstances."[1] (Doc. 147, pp. 7-8). The EEOC addresses each of Defendant's objections, in turn.

### A. Rule 65(d) Does Not Bar this Court from Binding, Through Injunction, a Bona Fide and Independent Purchaser of the Business

Rule 65(d) provides that injunctions shall be binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them. Fed. R. Civ. P. 65(d)(2)(A)-(C). However, the Fifth Circuit has made clear that Rule 65(d) is meant to embody, not limit, the common law powers of the district court. *U.S. v. Hall*, 472 F.2d 261, 267 (5th Cir. 1972). And "at common law, an injunction bound not only the parties, but also those in privity with them." *ADT LLC v. NorthStar Alarm Servs.*, LLC, 853 F.3d 1348, 1352 (11th Cir. 2017) (citing *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945)).

The Supreme Court has held that, for purposes of Rule 65(d), a bona fide and independent purchaser of a business, when it acquires an entity subject to an injunction, may be considered in privity with that business. *Golden State Bottling Co., Inc. v. N.L.R.B.*, 414 U.S. 168 (1973). In *Golden State*, the Court held that the purchaser was in privity with the business it purchased (and thus subject to the equitable relief that had been imposed on the purchased entity) because it had notice of the equitable relief sought prior to the purchase. *Id*. at 180. Under the logic of *Golden State*, the question of whether a purchaser is bound by a purchasee's injunction turns on whether the purchaser had prior notice of the injunction, not on the purchaser's status as "independent" or "bona fide." Indeed, in *Golden State*, there was no question but that the purchaser was an

---

[1] In all other respects, Defendant appears to concede the EEOC's proposed injunctive relief is reasonable and warranted.

independent and bona fide purchaser. (Id. at 171)(noting the purchaser was a "bona fide purchaser of the business, unconnected with Golden State"). Nonetheless, the Court imposed the equitable relief sought by the NLRB on the purchaser.

Defendant cites the Eleventh Circuit's decision in *ADT LLC v. NorthStar v. NorthStar Alarm Servs.*, LLC, 853 F.3d 1348, 1353 (11th Cir. 2017). (Doc. 147, pp. 3-4). But the analysis used by the Eleventh Circuit in *ADT*, in fact, undermines Defendant's argument. In that case, while the court held that the purchaser could not be bound by the injunction on the purchased entity due to Rule 65(d), it reached this conclusion by analyzing whether the purchaser had prior notice of the injunction. The court noted that because there was no evidence in the record indicating the purchaser had notice of the injunction on the purchased entity, the court lacked sufficient basis to find the purchaser and purchasee in privity. Because there was no showing that the two entities were in privity, the Eleventh Circuit concluded the district court lacked the power to bind the purchaser with the injunction. *Id*. at 1353-54.

Thus, Defendant's argument misstates and confuses the law.  It would be inappropriate at this point for the Court to strike "purchaser" from Section V, ¶17. Doing so would be tantamount to a holding that Rule 65(d) categorically precludes a "bona fide" and "independent" purchaser from being bound by the terms of the injunction. As shown in the cases above, that is simply not true. A bona fide and independent purchaser may be in privity with the purchasee and, thus, may be subject to the injunction.

Defendant's argument that imposing the injunctive relief on a purchaser would diminish the value of the business in a manner that rises to the level of forfeiture has no merit. (Doc. 147, pp. 4-5). Defendant's central piece of evidence for this argument is an anonymous, hearsay statement by an HR consultant that the costs of compliance with the injunctive relief sought by the

EEOC adds up to $300,000 to $400,000 across a five-year term. This contention is unsupported, unsworn, and does not itemize any of these estimated costs by year or category.[2] Nor does Defendant cite any case law for the idea that the district court should fashion equitable relief viz., a repeat Title VII violator, with an eye towards preserving that business's resale value. This argument is wholly unsupported by law or policy and the court should ignore it.

Finally, the EEOC notes that the language included in Section V, ¶17 is the same language courts across the country have approved in cases where the EEOC sought post judgment injunctive relief. *See, e.g.*, *E.E.O.C. v. DCP Midstream, L.P.*, 608 F. Supp. 2d 115, 117 (D. Me. 2009) (approving injunctive relief that "is binding upon Defendant's purchasers, successors, and assigns."); *Equal Employment Opportunity Comm'n v. Exel, Inc.*, No. 1:10-CV-3132-SCJ, 2014 WL 12538889, at *4 (N.D. Ga. Mar. 13, 2014) (same); *E.E.O.C. v. Mid-Am. Specialties, Inc.*, 774 F. Supp. 2d 892, 900 (W.D. Tenn. 2011) (same); *E.E.O.C. v. Boh Bros. Const. Co., LLC*, No. 09-cv-6460, 2011 WL 3648483, at *5 (E.D. La. Aug. 18, 2011) (same), *vacated sub nom. E.E.O.C. v. Boh Bros. Constr. Co.,* 689 F.3d 458 (5th Cir. 2012), *on reh'g en banc*, 731 F.3d 444 (5th Cir. 2013), *and aff'd in part, vacated in part sub nom E.E.O.C. v. Boh Bros. Constr. Co.,* 731 F.3d 444 (5th Cir. 2013)*; Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 219 (E.D.N.Y. 2018) (same); *Equal Employment Opportunity Comm'n v. Moreno Farms, Inc.*, No. 1:14-CV-23181-DPG, 2015 WL 11233071, at *2 (S.D. Fla. Oct. 5, 2015) (same). In short, there is nothing unusual or alarming about the inclusion of the word "purchasers" in the relief the EEOC seeks here.

    **B.**    **EEOC's Timeline for Injunctive Relief is Reasonable**

---

[2] The vast majority of the costs of compliance would be within the first year, for example, which would not materially impede the resale value of the business after that first year.

Defendant complains that the 60 days allotted by the EEOC's proposed order does not provide enough time to hire an HR consultant, revise its EEO policy and train its employees. (Doc. 147, pp. 5-7). Defendant requests 120 days to hire an HR consultant and requests that all other time periods "follow from that extension of time" (*Id*. at 7) but does not challenge the need for an injunctive relief manager. *Id*. at 6. ("EEOC's insistence on the appointment an injunctive relief manager is helpful for compliance").

Defendant does not need 120 days to find and hire an HR consultant. In fact, it appears from Defendant's own Response in Opposition that, between the time the EEOC filed its Motion for Injunctive Relief (June 4) and the time Defendant filed its Response in Opposition (June 11) it managed to locate and consult with at least one HR consultant. (Doc. 147, p. 4). Given that Defendant has managed to consult with at least one HR consultant within a 7-day window, it should take no longer than a few weeks to find and hire an HR consultant.  Any competent, dedicated HR consultant, working with an attorney, can develop an antidiscrimination policy and train employees within two months of the date of the court's order. Defendant raises no mitigating factors that would weigh in favor of more time, other than the bare assertion that 60 days is unreasonable. Danny's of Jackson is not a business with a scattered workforce located in facilities all across the country. It does not have thousands of employees to train. *Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc*., 350 F. Supp. 3d 199 (E.D.N.Y. 2018) (30 days for independent monitor and revision of EEO policy).

The circumstances of this case counsel a shorter, rather than longer, window for compliance. The EEOC has litigated with Defendant over its racist practices for nearly 8 years. The EEOC has required it to provide trainings, develop suitable policies, and implement procedures for handling complaints of discrimination, in at least three prior consent decrees,

without success. The evidence presented at trial adds urgency to the EEOC's requests. For example, Allison Wade testified that Danny Owens played a leading role in the discrimination that took place at Danny's Downtown. (Ex. C to Doc. 144, 47:24-49:14). Wade also testified extensively about Owens' racism. (Ex. C to Doc. 144, 58:2-61:1). Owens is the current owner of the club. Every day that Defendant is out of compliance with the remedial measures proposed by the EEOC further harms its employees and the public.

Defense counsel's repeated references to the resale value of Danny's of Jackson suggest at least part of the reason for Defendant's requested delay—not so that it can properly implement the court's Order, but to stall for time to find a "purchaser" for the business. The court is under no obligation to facilitate Defendant's attempts to evade its obligations under Title VII by delaying implementation of the relief sought by the EEOC.

### C. Defendant Has Not Met its Burden to Show that Recurring Discrimination is Not Likely

Defendant argues that the EEOC has "offered no proof of the likelihood of future violations" and that the "totality of the circumstances should be considered when evaluating the likelihood of future violations." (Doc. 147, p. 7). However, in the Fifth Circuit, the Defendant, not the EEOC, bears the burden of showing, by clear and convincing proof, that future violations are not likely. *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 470 (5th Cir. 2013).

This is not an impossible burden to meet. A Defendant may meet its burden on this point by showing that the discrimination at issue was the result of unique and unlikely to recur circumstances. *See, e.g., Chellen v. John Pickle Co., Inc.,* 446 F.Supp.2d 1247, 1290 (N.D.Okla.2006) (denying EEOC motion for injunctive relief where defendant had ceased operations). Defendant has not done that here. Instead, Defendant has cited to **one** witness's *excluded* testimony that he never witnessed discrimination. Defendant has simply ignored the

mountain of evidence presented at trial and at summary judgment that the discrimination at issue here was severe and persistent, lasting from 2006 to at least 2017; that the current owner and operator of the club, Danny McGee Owens, took an active role in it; and that the discrimination became worse after Danny McGee Owens took over day to day management of the club in 2016. (Ex. C to Doc. 144, 58:2-61:1). The jury found that this discrimination was done with sufficient malice or reckless indifference to the federally protected rights of the charging party and the class members that it awarded $1.5 million in punitive damages. The totality of the circumstances argue in favor of the five year period proposed by the EEOC. *Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 221 (E.D.N.Y. 2018) (finding five-year injunctive relief appropriate where hostile work environment spanned five years and there was no way of knowing if the discriminatory practices had ceased.)

## **CONCLUSION**

For the foregoing reasons, this court should grant the EEOC's Motion and impose the injunctive relief sought by the EEOC on Defendant.

Date: June 14, 2019

                                              Respectfully submitted

                                              */s/Christopher Woolley*
                                              **CHRISTOPHER WOOLLEY**
                                              Trial Attorney
                                              CA Bar No. 241888
                                              christopher.woolley@eeoc.gov

                                              **ALYSIA D. FRANKLIN**
                                              Trial Attorney
                                              CA Bar No. 264410
                                              alysia.franklin@eeoc.gov

                                              **EQUAL EMPLOYMENT OPPORTUNITY**
                                              **COMMISSION**

1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

Case 3:16-cv-00769-HTW-LGI   Document 149   Filed 06/14/19   Page 8 of 9

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

*/s/ Christopher Woolley*
Christopher Woolley