IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC D/B/A DANNY'S DOWNTOWN CABARET | ) ) ) ) ) |
| Defendants. | ) |

Civil Action No.
3:16-cv-00769-HTW-LGI

## ORDER DENYING MOTION TO INTERVENE

Danny M. Owens ("Owens") has filed this Motion to Intervene, *pro se*. **[doc. no. 160]**. Owens purports to make his motion pursuant to Rule 24 of the Federal Rules of Civil Procedure.

The motion is not well taken and is denied. The trial of this matter has concluded, and a verdict has been rendered. The motion, therefore, is not timely. Additionally, Owens does not meet the criteria for intervention under Rule 24.

Owens has no right of intervention as a matter of right under subsection (a), either by statute or because of any potential impairment or impediment to the protection of his interest. As an individual, Owens does not and did not have an interest related to the subject of this action. To the extent he claims to have any such interest, it would have been adequately protected by the Defendant in this case. See *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir.1987).

Permissive intervention is also not appropriate in this case under subsection (b) of Fed.R.Civ.P 24. As the movant, Owens has the burden to show that he satisfies the requirements

for a permissive intervention, but he has not offered any evidence or argument other than his conclusory statements. Permissive intervention is solely within this court's discretion and this court is persuaded that such is not appropriate here. *See Altier v. Worley Catastrophe Response, LLC*, No. CIV.A. 11-241, 2012 WL 161824, at *10 (E.D. La. Jan. 18, 2012).

Regardless of any rights or interests Owens may or may not have, all of the provisions of Rule 24 require that the motion to intervene must be timely made. The motion here is extremely untimely. This case was tried to a jury, and a verdict was rendered. This movant cannot demonstrate that allowing his intervention at this point would not "unduly delay or prejudice the adjudication of the original parties' rights." *S.E.C. v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)). Owens, being well aware of the litigation early in the proceedings, did not make a motion to intervene until well after the trial on damages had concluded and this court was considering injunctive relief. Despite the extreme lateness of Owens' motion, no justification or explanation is offered for his dilatory action. See *Price v. Daigre, No*. 5:08-cv-16 DCB JMR, 2011 WL 6046316, at *3 (S.D. Miss. Dec. 5, 2011).

The motion to intervene **[doc. no. 160] is denied**.

SO ORDERED AND ADJUDGED, this, the 16th day of August, 2021.

                                           s/ HENRY T. WINGATE
                                           U.S. DISTRICT JUDGE