IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) DANNY'S RESTAURANT, LLC AND ) DANNY'S OF JACKSON, LLC F/K/A ) BABY O'S RESTAURANT, INC D/B/A ) DANNY'S DOWNTOWN CABARET ) ) Defendants. ) | Civil Action No. 3:16-cv-00769-HTW |

**OPINION AND ORDER GRANTING INJUNCTIVE RELIEF**

Before the Court is the Motion for Injunctive Relief of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") **(Doc. 144).**

For the reasons discussed herein, Plaintiff's Motion for Injunctive Relief (Doc. 144) will be granted, and judgment will be entered in accordance with this Opinion.

I.   **Procedural Background**[1]

This action arises from the alleged discriminatory actions of Defendant Danny's of Jackson, LLC ("Defendant") against Ashley Williams ("Williams") and a class of aggrieved former and current dancers ("the Class") at Defendant's Danny's Downtown Cabaret location in Jackson, Mississippi in violation of Title VII of the Civil Rights Act of 1964 and Title I of the

---

[1] The Court has previously recited the procedural history and facts of this case in detail. (Doc. 121) The Court will thus forego a complete recitation of the facts and procedural history here, and instead will discuss and apply the relevant facts within the context of its analysis of the EEOC's pending motion.

1

Civil Rights Act of 1991. The EEOC filed its complaint against Defendant on September 20, 2016. (Doc. 1). On October 1, 2018, the Court found Defendant subjected Williams, Sharday Moss ("Moss"), Jordyn Riddle ("Riddle"), Latoria Garner ("Garner") and Adrea Samuels ("Samuels") to disparate terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, as amended. (Doc. 121). The remaining issue of damages proceeded to a jury trial, which took place May 6 – 13, 2019. At trial, the EEOC sought relief for the emotional pain, mental anguish, and lost wages Williams and the Class experienced as a result of Defendant's discriminatory actions. In addition, the EEOC sought punitive damages to punish Defendant for acting with reckless or callous indifference to the federally protected rights of these victims of discrimination. The jury returned a verdict as to damages and awarded Williams and the Class back pay, compensatory damages and punitive damages. (Doc. 143).

II.   **Whether Injunctive Relief is Appropriate**

Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), authorizes the Court to grant injunctive relief:

> [T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate.

Issuance of an injunction "rests primarily in the informed discretion of the district court." *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 733 (5th Cir. 1977). *See also EEOC v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 469-70 (5th Cir. 2013) (*en banc*) (injunctive relief is mandatory in the wake of a Title VII violation "absent clear and convincing proof of no reasonable probability of further noncompliance with the law.").

Additionally, the EEOC acts in the public interest and seeks remedies to vindicate the underlying policies of Title VII and the Civil Rights Act. (Doc. 145 at 3). The United States Supreme Court, in *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 295-96 (2002) stated:

> [W]e are persuaded that, pursuant to Title VII and the ADA, whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief. To hold otherwise would undermine the detailed enforcement scheme created by Congress simply to give greater effect to an agreement between private parties that does not even contemplate the EEOC's statutory function.

Defendant argues that injunctive relief is not warranted because the EEOC has offered no proof of the "likelihood of future violations" and that the "totality of the circumstances should be considered when evaluating the likelihood of future violations." (Doc. 147, p.7). As the Plaintiff correctly points out in its reply, in the Fifth Circuit, the Defendant, not the EEOC, bears the burden to show that recurring violations are unlikely. (Doc. 149, p. 6). Defendant has failed to meet its burden as the only evidence presented by Defendant is one witness's excluded testimony that he never witnessed discrimination. (Doc. 147, p. 7).

Based on the trial evidence along with the hearings held post-trial relative to injunctive relief, the Court finds that injunctive relief is appropriate in this case. During the trial, there was extensive testimony regarding Defendant's willful non-compliance with Title VII despite the EEOC's many attempts to eradicate discrimination at Danny's Downtown Cabaret. Sherida Edwards filed an EEOC charge in 2011 alleging that Black dancers, and only Black dancers, were being subjected to a Black dancer schedule that limited the number of shifts that Black dancers may work. (Plaintiff's Trial Ex. 2). Latoria Garner ("Garner") testified there was a Black dancer schedule at the time she began working at Danny's in 2006. (Doc. 145, Ex. C, 5:15-6:17). Michael Rayner ("Rayner") testified that Black dancers, and only Black dancers, were subjected to a work

3

schedule that limited the number of Black dancers on any given shift. (Court Trial Ex. 2, Rayner Dep. 145:17-146:1, 170:23-171:13).

After Edwards' charge, Danny's Downtown Cabaret continued to discriminate against its Black dancers by implementing a Black dancer quota. Managers were informed that when checking in dancers, they needed to include the race of the dancer. Defendant would limit the number of Black dancers who could work on a shift and inform managers that there were "too many black girls." (Court Trial Ex. 2, Rayner Dep. 115:23:4, 118:1-6); (Court Trial Exh. 1, Brittany Dep. 69:23 – 70:21; 86:12-20, 88:12-16). Black dancers were sent home if there were "too many" of them on a shift. (Doc. 144-3, Trial Transcript May 9, 2019, 47:24-49:14). Only Black dancers were subjected to this quota which Defendant enforced for years. (Doc. 144-1, Trial Transcript May 7, 2019 pp. 28:4-6, 31:10-19); (Doc. 144-2, Trial Transcript May 8, 2019, p 17:3-18:11, 91:13-92:23); (Doc. 144-3 49:15-21).

There was also evidence at trial that Defendant continued to discriminate against its Black employees despite signing three Consent Decrees explicitly forbidding said discrimination. One month after signing a Consent Decree resolving Edwards' 2011 EEOC charge, Defendant forced Black dancers, and only Black dancers, to work the grand opening at Black Diamonds in violation of their Hinds County Cabaret license. (Doc. 144-2, 19:20-20:17, 93:9-94:21). This practice continued until December 2013. (Doc. 144-3, 17:4-6). Defendant signed an amended Consent Decree in January 2016 and once again agreed not to discriminate against any employees on the basis of race. (Plaintiff's Trial Ex. 25). Defendant continued its discriminatory behavior when it informed its manager to not hire any Black dancers. (Doc. 144-3, 61:17-24).

Based on both the trial record as well as post-trial hearings as to injunctive relief, this Court is persuaded that injunctive relief is appropriate in this case and the EEOC is entitled to injunctive

relief.

### III. Specific Terms of the Requested Injunction

Having found that the EEOC is entitled to injunctive relief, the Court will consider, in its discretion, whether the specific terms of the EEOC's requested injunction are justified. The district court has broad discretion in granting post-trial injunctive relief in Title VII cases. *Hutchings v. U.S. Industries, Inc.*, 428 F.2d 303, 311-12 (5th Cir. 1970) (the "trial judge . . . is invested with wide discretion in modeling his decree to ensure compliance with [Title VII]."). *See also EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 467 (6th Cir.1999); *Spencer v. Gen. Elec. Co.*, 894 F.2d 651, 660 (4th Cir. 1990) ("[A] district court must . . . exercise its discretion . . . to ensure that discrimination does not recur."). The proper scope of an injunction is to enjoin conduct which has been found to have been pursued or is related to the proven unlawful conduct. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 842 (6th Cir. 1994).

Defendant asserts that the injunctive relief the EEOC seeks is overbroad. The Court will now address the EEOC's proposed provisions as laid out in the EEOC's proposed Judgment of Injunctive Relief. (Doc. 144-5).

  A. <u>General Injunctive Relief</u>

The EEOC requests that this Court enjoin Defendant, its officers, agents, successors, employees, and other person in active concert or participation with them, or any of them from engaging in business practices that discriminate against Black dancers on the basis of their race in violation of Title VII for a period of five years. (Doc. 144-5). Defendant objects to this five-year term as unreasonable given the "totality of the circumstances." (Doc. 147, pp. 7-8). Here, the EEOC seeks to protect defendant's employees from recurrent Title VII violations through an injunction limited to the Danny's Downtown Cabaret location. The EEOC's requested five-year

injunction is consistent with the injunctive relief granted by other federal district courts. *See, e.g., EEOC v. Riss Int'l Corp.*, No. 76-0560-CV-W-6, 1982 WL 31059, at *1 (W.D. Mo. June 10, 1982) (defendant's failure to cease wrongful conduct warranted five-year injunction); *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1578- 79 (7th Cir. 1997) (affirming injunction prohibiting employer from discriminating against employees in the future); *EEOC v. Fla. Commercial Sec. Servs., Corp.,* No. 1:13-cv-20465-JJO, DE #95, at 2 (S.D. Fla. Dec. 8, 2014) (enjoining, inter alia, Defendant's successors and assigns). The Court finds that the EEOC's requested general injunction language is tethered to the harm Plaintiff asserted in their complaint and proved at trial and is appropriate and not overbroad. The Court will, therefore, include the EEOC's proposed general injunctive relief in its judgment as to non-monetary relief.

   B.  <u>Appointment of an Injunctive Relief Manager</u>

Section II of the EEOC's proposed Judgment as to Injunctive Relief requires Defendant to retain an outside Human Resources consultant who has specialized knowledge of employment discrimination and who has experience in employment law (the "Injunctive Relief Manager") to be responsible for overseeing implementation of, and Defendant's compliance with, the Court's Order. (Doc. 144-5, pp. 5-60). Defendant did not object to the appointment of an injunctive relief manager in its filings and instead stated that the "EEOC's insistence on the appointment of an injunctive relief manager is helpful for compliance." (Doc. 147, pp. 5-7). Defendant's objections are limited to the time period within which it is required to hire the Injunctive Relief manager, asserting that 60 days is insufficient. (Doc. 147, pp. 5-7). Review of the record indicates that 60 days is a reasonable time period for Defendant to appoint or retain an Injunctive Relief Manager. Defendant was able to locate and consult with at least one HR consultant within the week between the EEOC's motion for injunctive relief on June 4, 2019 and when it filed its response on June 11.

(Doc. 147, p. 4). Defendant has not shown why a sixty-day period would be unreasonable. Considering that Defendant has not objected to the appointment of an injunctive relief manager and has had over a year to identify and retain an HR consultant, the Court finds that sixty days to appoint or retain an Injunctive Relief Manager is reasonable. Based on review of the record, the Court will enter a judgment consistent with the proposed Section II.

  C.  <u>Written Anti-Discrimination Policies</u>

Section III of the EEOC's Proposed Judgment provides that within sixty (60) days of entry of judgment, the Defendant shall review its existing EEO policies to ensure conformance with the law and revise such policies, if necessary. (Doc. 144-5, pp. 6-8). Specifically, the Injunctive Relief Manager will review Defendant's current policy and procedures and modify them as appropriate. After reviewing the policy, the Injunctive Relief Manager will post and keep posted the written EEO Policies on bulletin boards and locker rooms. (Doc. 144-5, p. 8). Defendant does not object to the revision of its policies.  At trial, there was testimony that neither supervisory or non-supervisory employees received a copy of Defendant's written anti-discrimination policy or any training on said anti-discrimination policy. Therefore, the Court finds that the EEOC's request is tethered to the harm plaintiff asserted at trial. The Court will, therefore, include the EEOC's proposed Section III in its judgment as to non-monetary relief and provide that the Injunctive Relief Manager is to review, revise if necessary, and post the anti-discrimination policies within sixty (60) days of his appointment or retention.

  D.  <u>Training of Employees</u>

Section IV of the EEOC's proposed judgment requires Defendant to provide EEO training for all employees. (Doc. 144-5, pp. 8-9). The training is to be completed by the Injunctive Relief Manager or a third-party Company and/or individual experienced in conducting EEO anti-

discrimination trainings. *Id.* Defendant does not object to the EEOC's requested training. In addition, there was testimony at trial that none of the employees received any anti-discrimination training during their years of employment with Defendant. (Court Trial Exh. 2, p. 66:2-9; Court Trial Exh. 1, p. 66:5-11; Doc. 144-3, 52:12-17), in spite of multiple Consent Decrees requiring Defendant to train its employees. The purpose of an injunction is to prevent future illegal and wrongful acts. A Defendant's conduct is a relevant factor to be considered. *See Boh Bros. Cost. Co., LLC*, 731 F.3d at 465 ("The Injunction is reasonably tailored to address deficiencies in *Boh Brother's* sexual harassment policies, inform and train employees regarding the relevant law, and prevent similar conduct from recurring."). This Court finds that the EEOC's request is tethered to the harm plaintiff asserted at trial. The Court will, therefore, include the EEOC's proposed Section IV in its judgment as to non-monetary relief.

      E.      Notification of Successors

Section V of the EEOC's proposed judgment recites that the judgment is binding upon Defendant Danny's of Jackson, LLC's purchasers, successors, and assigns and requires Defendant, prior to executing any agreement to sell, assign, consolidate or merge, to provide the entity entering into such agreement with a copy of the Judgment of Injunctive Relief. (Doc. 144-5, p. 10). Defendant objects only to the phrase "purchaser" in Section V and argues that imposing injunctive relief as to a purchaser would diminish the value of the business in a manner that rises to the level of forfeiture (Doc. 147, pp. 4-5). Defendant has failed to provide any evidence for this argument and cites to no case law to support its argument. The EEOC's proposed language in Section V is consistent with post judgment injunctive relief entered by other district courts throughout the country. *See, e.g.*, *E.E.O.C. v. DCP Midstream, L.P.,* 608 F. Supp. 2d 115, 117 (D. Me. 2009) (approving injunctive relief that "is binding upon Defendant's purchasers, successors, and

8

assigns"); *Equal Employment Opportunity Comm'n v. Exel, Inc.*, No. 1:10-CV-3132-SCJ, 2014 WL 12538889, at *4 (N.D. Ga. Mar. 13, 2014) (same); *E.E.O.C. v. Mid-Am. Specialties, Inc.,* 774 F. Supp. 2d 892, 900 (W.D. Tenn. 2011) (same); *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444 (5th Cir. 2013); *Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.,* 350 F. Supp. 3d 199, 219 (E.D.N.Y. 2018) (same); *Equal Employment Opportunity Comm'n v. Moreno Farms, Inc.*, No. 1:14-CV-23181-DPG, 2015 WL 11233071, at *2 (S.D. Fla. Oct. 5, 2015) (same). Moreover, during post trial arguments regarding the injunction rital arguments The Court will, therefore, include the EEOC's proposed Section V in its judgment as to non-monetary relief.

F.    <u>Maintain an Independent Hotline for Anti-Discrimination Complaints</u>

Section III, paragraph 11 (j)-(k) of the EEOC's proposed judgment requires Defendant and/or any successor company to maintain a confidential, toll-free, employee hotline number for reporting concerns about discrimination, harassment or retaliation. (Doc. 144-5, p. 7). The EEOC asserts that an independent hotline is required to bar similar discrimination in the future as employees did not have the ability to confidentially report complaints of discrimination, harassment, or retaliation. Defendant has not objected to the imposition of an independent hotline for anti-discrimination complaints. The Court believes that a confidential, toll-free, employee hotline for reporting complaints and/or concerns of discrimination, harassment or retaliation is appropriate based on the facts of the case. The Court agrees. Therefore, the EEOC's proposed language regarding the maintenance of an employee hotline number will be included in the judgment as to non-monetary relief.

G.    <u>EEOC-Monitored Compliance</u>

Section VI of the EEOC's proposed judgment as to non-monetary relief (1) requires Defendant's Injunctive Relief Manager to submit reports to the EEOC relating to Defendant's

compliance with the Court's Judgment of Injunctive Relief and (2) permits EEOC to review and/or request information related to compliance. (Doc. 144-5, pp. 10-13). The EEOC asserts that the reporting and review requirements are appropriate and necessary to allow the EEOC to monitor Defendant's compliance. Defendant does not object. Based on the entire record, including Defendant's willful non-compliance with the EEOC's Consent Decrees in the past, the Court finds the EEOC's proposed language in Section VI to be appropriate and it will be included in the judgment as to non-monetary relief.

### IV. Conclusion

The Court will enter a separate Judgment in accordance with this Opinion.

SO ORDERED AND ADJUDGED, this, the16th day of August, 2021.

                                                s/ HENRY T. WINGATE
                                                U.S. DISTRICT JUDGE