IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | Plaintiff |
| v. | ) ) ) ) | Civil Action No. 3:16-CV-00769-HTW-LGI |
| DANNY'S RESTAURANT, LLC AND DANNY'S OF JACKSON, LLC F/K/A BABY O'S RESTAURANT, INC D/B/A DANNY'S DOWNTOWN CABARET | ) ) ) ) ) ) | Defendants |

**ORDER DENYING MOTION TO DISMISS AND SANCTIONS**

Before the court is a **Motion to Dismiss,** filed, through counsel, by the Defendant Danny's of Jackson, LLC. **[doc. no. 130].** Defendant seeks the dismissal of this lawsuit, supposedly as a sanction against the Plaintiff, United States Equal Opportunity Commission ("EEOC"), under Fed. R. Civ. P. 11(c)(1)[1] and 11(c)(4).[2]

---

[1] (c) Sanctions.
(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. Fed.R.Civ.P. 11(c)(1).

[2] (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
Fed.R.Civ.P. 11(c)(4).

1

The Defendant, Danny's of Jackson, LLC, accuses the Plaintiff of witness tampering: by "fraudulently inducing and coercing a key witness in this case into giving a statement that is incomplete, misleading and which appears to erroneously support the Plaintiff's claims against the Defendant," and further, by "suppressing material exculpatory evidence." [doc. no. 130 p. 2].

This court, on April 24, 2019, conducted a telephonic pre-trial conference on this matter and other issues.  At that time, after arguments, this court advised the attorneys that it was denying this motion to dismiss and that an Order would be later submitted. This is that order, unfortunately overlooked for a lengthy period.

Defendant contends that the Plaintiff, the United States Equal Employment Opportunity Commission, ("EEOC"), used threats and coercion to make Danny "Dax" Owens (hereafter "Dax" Owens) sign an affidavit containing information favorable to the EEOC's case. Defendant asks this court to dismiss this case as a sanction under its inherent authority and /or under Rule 11(b)(1)[3] or Rule 11(c)(1)[4] of the Federal Rules of Civil Procedure.

In response to these allegations, Plaintiff EEOC submits several arguments.  First, Plaintiff states that Danny's Motion to Dismiss is not timely, having been filed well outside the

---

[3] Rule 11(b) and 11(b)(1) read as follows:
**(b) Representation to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
Fed.R.Civ.Proc.11(b)(1).

[4] Rule 11(c)(1) reads as follows:
**(c) Sanctions.**
   (2)  *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associates, or employee. Fed.R.Civ.Proc.11(c)(1).

established deadlines for dispositive motions, and over a year after Defendant became aware of the challenged conduct and affidavit.  Secondly, says Plaintiff, Defendant has not complied with the requisites of Fed. R. Civ. Proc. 11, upon which Defendant primarily relies, as the basis for his motion to dismiss. Thirdly, Plaintiff correctly states that a high threshold of proof is required for the exertion of the court's inherent power of sanctions.  That standard, says Plaintiff, is not met here.  Fourth, Plaintiff refutes the facts averred by the Defendant and denies the conduct alleged. Finally, Plaintiff contends that even if Defendant's allegations were true, dismissal, the most extreme sanction, is not warranted.

As the court reminded the attorneys at the pre-trial conference, the Defendant's motion to dismiss was not filed until March 7, 2019, approximately two months before the scheduled trial date of May 6, 2019.  The court was unable to conduct a hearing without significantly delaying the trial.  This court was not willing to cause such a delay.

Although this court denied the motion and explained its reasons therefor in its ruling from the bench during the telephonic conference, this court is compelled to discuss the parties' respective arguments.

**1.  Untimeliness of the motion**

The Defendant does not dispute the EEOC's statement that Daniel "Dax" Owens' affidavit was produced to the Defendant on January 23, 2018, while discovery was still ongoing. This court, thus, agrees with the Plaintiff that the motion is untimely for both of the reasons specified by the EEOC:  1) the motion was filed after the deadline for dispositive motions; and 2) the motion was filed well after Defendant was aware of the allegedly offending affidavit and related conduct, and at a time when the motion and any protracted evidentiary hearing, based on the court's schedule, would likely cause a delay in the proceedings.   Defendant also waited until

after several motions for summary judgment and partial summary judgment had been briefed and resolved by this court to bring up this motion for dismissal and sanctions.

Additionally, this court does not find where the Defendant has ***attempted*** to make a showing of good cause or excusable neglect for the over one-year delay in filing this motion. The motion could be dismissed on this basis alone; however, this court has also examined the parties' other arguments.

**2. Failure to Comply with Rule 11(c)(1).**

A party seeking sanctions under Rule 11(c)(1) must first serve the motion upon the offending party in accordance with Rule 11(c)(2), [5] and shall not file the motion with the court until 21 days after the motion is served on the offending party. This provision is referred to by the courts as the "safe harbor" provision. See e.g., *In re Pratt,* 524 F.3d 580 (5th Cir. 2007) and *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995).

This is a mandatory prerequisite for Rule 11 sanctions to be imposed. *In re Pratt,* 524 F.3d at 588 (affirming the district court's denial of sanctions where movant failed to serve respondent with a copy of the motion prior to filing it with the court); *Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir. 2000) (affirming denial of sanctions where the defendant failed to serve a copy of the motion on the respondents twenty-one days prior to filing, and did not file the motion until after trial)*; Elliott v. Tilton*, 64 F.3d at 216) ( failure to comply with "safe harbor" provision precluded imposition of sanctions).

---

[5] Rule 11 (c)(2) reads as follows:
  (2) ***Motion for Sanctions.***  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, ***but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service*** or within another time the court sets  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
Fed.R.Civ.Proc. 11(c)(2) (emphasis added).

Defendant does not profess compliance with the procedural requirements of Rule 11 in the filing of its motion to dismiss. In fact, Defendant acknowledges, "[i]f the Motion were based solely upon Fed. R. Civ. P. 11, the EEOC would be correct in that procedural defects support an argument for its denial." [doc.139 p. 1]. Instead, Defendant claims, in its Reply brief [doc. no. 139], that its primary basis for the request for dismissal is not Rule 11, but the Court's inherent authority to administer justice and manage the court's affairs.

**3. The Court's Inherent Authority**

Federal district courts have the inherent power to manage their own proceedings and the conduct of persons appearing in their court. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 33 (1991) (citing *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)). The Fifth Circuit Court of Appeals, in *Chaves v. M/V Medina Star*, has cautioned though, that "the threshold for the use of inherent power sanctions is high." *Id.* 47 F.3d 153, 156 (5th Cir. 1995). This power, "an implied power squeezed from the need to make the court function," is limited. *NASCO, Inc. v. Calcaseiu Television & Radio, Inc*., 894 F.2d 696, 702 (5th Cir. 1990). In the instant case, Defendant has not stated a factual basis sufficient to meet the high threshold for a finding by this court that it should use its inherent authority to sanction the Plaintiff.

**4. The Facts are Disputed**

Plaintiff EEOC disputes the facts as stated by the Defendant surrounding this affidavit. In light of this court's findings on the fifth and final argument by Plaintiff, it is not necessary for this court to make an assessment as to the truth or falsity of the facts as alleged.

**5. The Facts alleged would not warrant dismissal**

Finally, Plaintiff contends that even if Defendant's allegations are taken as true, dismissal of the case is not warranted. This court agrees. The Defendant makes sensational, conclusory

allegations against Plaintiff, using such terms as "witness tampering" "obstructing or attempting to obstruct the due administration of justice," "knowingly using intimidation, threatening, or corruptly persuading another person." *Defendant's Memorandum in Support of Motion to Dismiss* [doc. no. 131 p. 2].

At the core of Defendant's allegation is the contention that the EEOC coerced Dax Owens into signing a certain affidavit. The affidavit stated that Dax Owens had notified his father, Danny Owens, of the EEOC complaint filed by Ashley Williams. The alleged impact of this statement is this: Dax Owens' affidavit was a source of evidence that the Defendant here had notice of its predecessor's unlawful discriminatory actions, which is a required element of proof to establish "successor liability" in this case. See, e.g., *Burt v. Ramada Inn*, 507 F. Supp. 336, 338 (N.D. Miss. 1980) (where successor had no knowledge of pending charge at time of transaction, it had no liability for charge). According to Defendant, the facts that support this allegation of coercion are as follows.

First, says Defendant, Dax Owens appeared for an 'unscheduled', 'unnoticed' deposition. Plaintiff disputes this and provides documentary evidence and affidavits of EEOC personnel to support that Dax Owens had been subpoenaed to attend the deposition. In any event, Dax Owens was not deposed. He only provided the signed affidavit. He was over the age of majority at the time he did so.

Secondly, the Defendant says the affidavit was a "cursory, 4-paragraph Affidavit containing only one sentence regarding the dispositive issue of *notice."* [doc. no. 131 p.2]. The Defendant is obviously aggrieved that Dax Owens acknowledged in his affidavit that he notified his father of the EEOC charge that had been filed; but there is nothing improper about the EEOC having obtained such a statement from Dax Owens, who swore it to be true at the time.

6

Thirdly, the Defendant says, "[n]either the Affidavit nor any of the materials presented to the Court in any pleading, motion, memorandum or otherwise, contained or even mentioned the voluminous documents or information Dax also provided to the Plaintiff—information that the Plaintiff knew but intentionally withheld from the Court..." This information, says Defendant, "would exonerate the Defendant on the issue of liability." *Defendant's Memorandum in Support of Motion to Dismiss* [doc. no. 131 p.2].   Such a tortuous argument hardly bears discussion, but this court will say only this.  It is not the Plaintiff's responsibility to put before the court admissible evidence received from the Defendant that favors the Defendant's position.  That is the Defendant's right and responsibility.  When the sensational verbiage is stripped away, the facts alleged, if they assert any offense at all, do not rise to the level of a sanctionable offense.

## Conclusion

For all the reasons stated, and as previously announced to the parties, this court hereby denies Defendant's motion to dismiss **[doc. no. 130].**   The court incorporates its bench ruling of April 24, 2019, and the discussion therein.

SO ORDERED, this,  the 19th day of August, 2021.

                                              ___s/HENRY T. WINGATE_____
                                                UNITED STATES DISTRICT JUDGE